WRIGHT, Appellant,

v.

CITY OF HAMILTON et al., Appellees.

[Cite as *Wright v. Hamilton* (2001), 141 Ohio App.3d 296.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2000–07–152.

Decided Feb. 5, 2001.

298

*David E. Davidson,* for appellant.

*Kohnen & Patton LLP, Joseph L. Dilts* and *Kimberly A. Vogel,* for appellees city of Hamilton and Timothy Harmon.

---

WALSH, Judge.

Plaintiff-appellant Pamela Wright appeals a decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendants-appellees Timothy Harmon and the city of Hamilton, Ohio. The judgment of the trial court is affirmed.

During the morning hours of February 8, 1997, appellant was at her home, baby-sitting a friend's child. When she awoke that morning, she felt dizzy, had troubling grasping things with her left hand, and fell down twice. Eventually, appellant phoned a friend, Rebecca Howard, who is an emergency medical technician. After speaking with appellant, Howard called 911 to summon a life squad to appellant's home.

Appellant then asked the boy she was baby-sitting to call a nearby friend, Carol Lucas. Lucas immediately went to appellant's apartment, arriving before the life squad. Lucas was quite upset by the time the life squad arrived and told the paramedics that appellant was not acting like herself. Appellant described her symptoms to the two responding paramedics, including appellee, Timothy Harmon, an employee of the city of Hamilton.

Harmon partially filled out a "run report" documenting the trip to appellant's home. The form stated "[s]quad not needed, pt. felt dizzy wanted checked out. No problems found." The paramedics did not complete other sections of the form relating to the patient's medical history. After spending approximately ten minutes at her home, the paramedics told appellant that she probably had a sinus headache, and left. Appellant suffered a stroke the following day.

Appellant subsequently filed suit against appellees, alleging that the injuries she suffered as a result of the stroke were compounded by appellees' failure to transport her to a hospital. Appellees filed a motion for summary judgment, which was denied by the trial court. After the trial court granted appellees' motion *in limine* to exclude the testimony of appellant's two expert witnesses, appellees filed another motion for summary judgment, which was granted by the trial court. Appellant appeals, raising a single assignment of error:

"Appellees' motion *in limine* excluding expert testimony was improperly granted and summary judgment based upon lack of expert testimony was improperly entered."

Appellant first contends that the trial court improperly excluded the testimony of the two witnesses she intended to call as experts. The admissibility of expert testimony is a matter within the sound discretion of the trial court. *McKinney v. Schlatter* (1997), 118 Ohio App.3d 328, 339, 692 N.E.2d 1045, 1052. Accordingly, a trial court's ruling that a witness is not qualified to give expert testimony under Evid.R. 702 will not be disturbed absent an abuse of discretion. *Id.; Alexander v. Mt. Carmel Med. Ctr.* (1978), 56 Ohio St.2d 155, 157, 10 O.O.3d 332, 333, 383 N.E.2d 564, 565–566. More than an error of law or judgment, an abuse of discretion connotes that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

Relevant to the present case, Evid.R. 702 provides that a witness may testify as an expert if all of the following apply:

"(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;

"(B) the witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony."

Appellant planned to call Sara Moore and Rebecca Howard as experts to testify regarding the alleged breach of a standard of care by Harmon as a responding paramedic. Both Moore and Howard are trained emergency medical technicians ("EMT"). However, paramedics receive substantial training beyond that required of EMTs. Under Ohio Adm.Code 4765–6–03, one hundred thirty hours of training are required to qualify as an EMT A. However, Ohio Adm.Code 4765–6–05 requires six hundred hours of training to qualify as a paramedic. The trial court excluded the proposed expert testimony of both EMTs because they were not qualified to testify by knowledge, experience, or training regarding the standard of care required of paramedics.

Moore was trained solely as an EMT. Although Howard was trained as a paramedic in 1974, she had not worked as a paramedic since 1977. In her deposition, Howard stated that the training she received more than twenty years ago was less extensive than the training given to a paramedic today. Since 1977, Howard has worked solely as an EMT. Based on a review of Moore's and Howard's qualifications, we find that the record contains sufficient facts to demonstrate that the trial court's exclusion of the testimony of appellant's proposed expert witnesses was not unreasonable, arbitrary, or unconscionable.

Appellant next contends that the trial court improperly granted summary judgment in favor of appellees. Pursuant to Civ.R. 56(C), summary judgment is appropriate where there is no genuine issue as to any material fact. *Welco*

*Industries, Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 346, 617 N.E.2d 1129, 1131–1132. A genuine issue of material fact exists when the relevant factual allegations in the pleadings, affidavits, depositions, or interrogatories are in conflict. *Fitzgerald v. Masland–Hayashiy, Inc.* (Dec. 15, 1997), Warren App. No. CA97–05–042, unreported, at 6–7, 1997 WL 779136, citing *Duke v. Sanymetal Prod. Co., Inc.* (1972), 31 Ohio App.2d 78, 60 O.O.2d 171, 286 N.E.2d 324. In deciding whether there is a genuine issue of material fact, the evidence must be construed in the nonmoving party's favor. *Hannah v. Dayton Power & Light Co.* (1998), 82 Ohio St.3d 482, 485, 696 N.E.2d 1044, 1046–1047.

 Although summary judgment should be awarded with caution, it is wholly appropriate where a plaintiff fails to produce evidence supporting the essential elements of her claim. *Welco,* 67 Ohio St.3d at 346, 617 N.E.2d at 1131–1132. In determining whether the plaintiff demonstrated the elements of her claim, an appellate court must conduct a *de novo* review of the record to determine if summary judgment was appropriate. *Fitzgerald* at 7–8, citing *Schwartz v. Bank One, Portsmouth, N.A.* (1992), 84 Ohio App.3d 806, 619 N.E.2d 10.

R.C. 4765.49(A) provides that "[a] first responder, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic is not liable in damages in a civil action for injury, death, or loss to person or property resulting from the individual's administration of emergency medical services, unless the services are administered in a manner that constitutes willful or wanton misconduct." Similarly, R.C. 4765.49(B) provides that a "political subdivision * * * that provides emergency medical services * * * is not liable in damages in a civil action for injury * * * arising out of any actions taken by a * * * paramedic * * * unless the services are provided in a manner that constitutes willful or wanton misconduct."

 Thus, appellees are not liable for damages for the care provided to appellant unless their actions constitute willful and wanton misconduct. "Willful and wanton misconduct" constitutes more than mere negligence. *Brockman v. Bell* (1992), 78 Ohio App.3d 508, 605 N.E.2d 445. It is behavior that demonstrates "a deliberate or reckless disregard for the safety of others." *Reynolds v. Oakwood* (1987), 38 Ohio App.3d 125, 127, 528 N.E.2d 578, 581–582.

 "Wanton" misconduct implies the failure to exercise any care toward those to whom a duty of care is owed, when the probability that harm will result is known to the actor. *Wieber v. Rollins* (1988), 55 Ohio App.3d 106, 109, 562 N.E.2d 908, 911–912. "Willful" misconduct involves the intent, purpose, or design to injure another. *Easterling v. Am. Olean Tile Co.* (1991), 75 Ohio App.3d 846, 853, 600 N.E.2d 1088, 1092–1093. Willful misconduct implies an intentional

disregard of a clear duty or of a definite rule of conduct, a purpose not to discharge such duty, or the performance of wrongful acts with knowledge of the likelihood of resulting injury. See *Denham v. New Carlisle* (2000), 138 Ohio App.3d 439, 741 N.E.2d 587.

Appellant contends that the paramedics' decision not to transport her to the hospital constitutes willful and wanton misconduct. As the standard of care expected of a paramedic making a decision whether to transport a patient to the hospital is not sufficiently obvious that nonprofessionals could reasonably evaluate the defendants' conduct, expert testimony is necessary to establish the appropriate standard of care. *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 130, 75 O.O.2d 184, 186, 346 N.E.2d 673, 676–677; *Schirmer v. Schneider* (Jan. 24, 2000), Clermont App. No. CA99–05–053, unreported, at 10, 2000 WL 127094.

In Harmon's affidavit, he states that he is a paramedic and has been so certified since 1994. He further states, to a reasonable degree of certainty, based on his training and experience as a paramedic, that he and Conn (the other paramedic) adhered to the standard of care expected of a paramedic in the assessment of appellant. He further states that the decision not to transport appellant to the hospital was a reasonable exercise of professional judgment.

Appellant failed to submit any admissible evidence to rebut the statements in Harmon's affidavit relating to the standard of care, alleged breach of the standard of care, and whether the alleged breach was willful or wanton. Appellant failed to submit sufficient evidence that the paramedics were aware that there was any great probability that their failure to do more than they did would result in harm to appellant. The record falls short of establishing willful and wanton misconduct, even when viewed in a light most favorable to the plaintiff. Therefore, we conclude that the trial court properly rendered summary judgment in appellees' favor. The assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and VALEN, J., concur.