DICKMAN, Exr., Appellant,

v.

ELIDA COMMUNITY FIRE COMPANY et al., Appellees.

[Cite as *Dickman v. Elida Community Fire Co.* (2001), 141 Ohio App.3d 589.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–2000–85.

Decided March 29, 2001.

*Williams, Jilek, Lafferty, Gallagher & Scott Co., L.P.A.,* and *Martin W. Williams,* for appellant.

*Cory, Meredith, Witter, Roush & Cheney* and *Frank B. Cory,* for appellee Elida Community Fire Company, Inc.

*Betty D. Mongomery,* Attorney General, and *Arthur J. Marziale, Jr.,* Assistant Attorney General, for appellee Attorney General Betty D. Montgomery.

*Per Curiam.*

Plaintiff-appellant, Kathy L. Dickman, as executor of the estate of John P. Dickman, appeals from the summary judgment rendered in favor of appellee, Elida Community Fire Company, Inc. ("ECFC"), by the Allen County Court of Common Pleas.

On March 13, 1998, decedent, John Dickman, collapsed at a basketball game at the Elida Field House in the village of Elida, American Township. The ECFC

responded to the emergency call. In this negligence and wrongful death action, appellant sought recovery from ECFC for negligence in treating the decedent.

The ECFC filed a motion for summary judgment. On November 16, 2000, the trial court granted the motion and dismissed appellant's action against ECFC. Appellant appeals from this judgment and raises two assignments of error.

For her first assignment of error, appellant asserts:

"The trial court erred in granting the defendant's motion for summary judgment."

█ Appellant contends that ECFC has no immunity based on R.C. 4765.49(B) because its contract does not specifically provide for the deliverance of emergency medical services while this term is specifically defined in R.C. 4765.01(G).

R.C. 4765.49(B) provides that "[a] political subdivision * * * and any officer or employee of a * * * private organization operating under contract * * * that provides emergency medical services * * * is not liable in damages in a civil action for * * * death * * * arising out of any actions taken by a * * * EMT-basic [or] EMT–I * * * unless the services are provided in a manner that constitutes willful or wanton misconduct."

Pursuant to paragraph 2B of the Fire Contract with the Board of Township Trustees of American Township, ECFC was to "promptly dispatch rescue apparatus and personnel to the scene of any emergency within said township and county." We find that a reasonable interpretation of this contract language is that R.C. 4765.49(B) had been complied with. Therefore, the trial court properly rendered summary judgment, as no triable issue of fact remains with respect to whether ECFC is immune from civil liability to the action pursuant to R.C. 4765.49(B). Accordingly, appellant's first assignment of error is overruled.

For her second assignment of error, appellant asserts:

"The trial court erred in not finding that R.C. 4765.49(B) is unconstitutional."

█ Appellant contends that R.C. 4765.49(B) is unconstitutional because it violates both the Due Process and Equal Protection Clauses of the Ohio Constitution. As to the due process challenge, appellant asserts that, because fundamental constitutional rights of access to the courts and to a jury trial have been affected, R.C. 4765.49(B) is subject to a strict scrutiny standard of review. As a result, appellant argues that there is no compelling governmental interest that would justify granting a private corporation civil immunity for its negligent conduct while delivering emergency medical services.

█ "Under the strict scrutiny standard for reviewing legislation which restricts the exercise of fundamental rights, a statute will be considered unconsti-

tutional unless it is shown to be necessary to promote a compelling governmental interest." *Sorrell v. Thevenir* (1994), 69 Ohio St.3d 415, 423, 633 N.E.2d 504, 511. The right to sue a political subdivision for the negligence of its employees is not a fundamental right. *Fabrey v. McDonald Police Dept.* (1994), 70 Ohio St.3d 351, 353, 639 N.E.2d 31, 33–34. We also note that a political subdivision is immune for performing a governmental function such as the provision of emergency medical, ambulance, and rescue services. R.C. 2744.01(C)(2)(a) and 2744.02(A)(1). In addition, R.C. 4765.49(B) provides that a private organization operating under contract with a political subdivision to provide emergency medical services is immune from civil liability. In this scenario, a fundamental right is arguably not involved because such private organization is engaged in providing a governmental function.

█ When a fundamental right is not involved, a statute comports with due process under the Ohio Constitution "if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and if it is not unreasonable or arbitrary." *Desenco, Inc. v. Akron* (1999), 84 Ohio St.3d 535, 545, 706 N.E.2d 323, 333. Certainly, there is a substantial governmental interest in ensuring necessary emergency medical services for the benefit of the public. R.C. 4765.49(B) operates to provide civil immunity in providing emergency medical services, which presumably will allow the public better access to emergency medical services. Thus, R.C. 4765.49(B) bears a real and substantial relationship to public health or welfare and further it is not unreasonable and arbitrary. We therefore conclude that it does not violate the due process provision of the Ohio Constitution.

█ Appellant next claims that R.C. 4765.49(B) violates the Equal Protection Clause of the Ohio Constitution because it in effect creates two different classifications of tort victims to whom emergency medical services are given: those who are treated by a private corporation under contract with a political subdivision and those treated in an emergency room of a hospital. "Where neither a fundamental right nor a suspect class is involved, a legislative classification passes muster if the state can show a rational basis for the unequal treatment of different groups." *Fabrey,* 70 Ohio St.3d at 353, 639 N.E.2d at 33. Accordingly, legislative distinctions are invalid only if they bear no relation to the state's goals and no ground can be conceived to justify them. *Id.*

As discussed above, the grant of immunity provided in R.C. 4765.49(B) arguably does not involve a fundamental right. Further, no suspect class is involved. The General Assembly can make the rational determination to grant civil immunity to certain emergency medical personnel and agencies under R.C. 4765.49 for negligent acts but deny immunity to emergency room personnel and agencies that can treat the risk under different circumstances. Accordingly, a

rational basis can be conceived to justify a classification by taking into consideration the circumstances when the emergency conduct takes place, and, thus, R.C. 4765.49(B) does not violate the equal protection provision of the Ohio Constitution.

In sum, we find no merit to appellant's arguments that R.C. 4765.49(B) is unconstitutional. Accordingly, appellant's second assignment of error is overruled.

Therefore, the trial court did not err in granting ECFC's motion for summary judgment, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHAW, HADLEY and THOMAS F. BRYANT, JJ., concur.