[Cite as *Riffle v. Physicians & Surgeons Ambulance Serv., Inc.,* 135 Ohio St.3d 357, 2013-Ohio-989.]

RIFFLE ET AL., APPELLEES, *v.* PHYSICIANS AND SURGEONS AMBULANCE

SERVICE, INC., D.B.A. AMERICAN MEDICAL RESPONSE, ET AL.;

THE CITY OF AKRON, APPELLANT.

[Cite as *Riffle v. Physicians & Surgeons Ambulance Serv., Inc.,*

135 Ohio St.3d 357, 2013-Ohio-989.]

*Political-subdivision immunity—R.C. 4765.49(B) expressly imposes civil liability*

*on a political subdivision for purposes of R.C. 2744.02(B)(5).*

(No. 2012-0205—Submitted January 9, 2013—Decided March 21, 2013.)

APPEAL from the Court of Appeals for Summit County,

No. 25829, 2011-Ohio-6595.

_____

O'DONNELL, J.

{¶ 1} The city of Akron appeals from a judgment of the Ninth District Court of Appeals that affirmed the denial of its motion for judgment on the pleadings in connection with Andrea and Dan Riffle's wrongful-death and medical claims alleging that the city and its medical-emergency personnel negligently, recklessly, and wantonly caused the death of their infant daughter. At issue in this case is whether a political subdivision is immune from liability for the willful or wanton misconduct of its first responders when providing emergency medical services. The parties here ask us to determine whether R.C. 4765.49(B) is an additional immunity defense or is an express imposition of liability for purposes of R.C. 2744.02(B)(5).

{¶ 2} R.C. 2744.02(A)(1) states that *except* as provided in division (B), a political subdivision is not liable in damages for injury allegedly caused by an act of an employee of the political subdivision in connection with a governmental or proprietary function. Providing emergency medical services is a governmental

function.  *See* R.C. 2744.01(C)(2)(a).  Division (B)(5) establishes an exception to immunity when civil liability is expressly imposed upon a political subdivision by the Revised Code, and relevant to this case, R.C. 4765.49(B) provides that a political subdivision *is liable* for injury arising out of any actions taken by a first responder, EMT-basic, EMT-I, or paramedic when emergency medical services are provided in a manner that constitutes willful or wanton misconduct.

{¶ 3}   The complaint filed in this case alleges that the city of Akron and its employees provided emergency medical services negligently, recklessly, and wantonly; wanton misconduct, pursuant to R.C. 4765.49(B), is an exception to political-subdivision immunity, and the complaint therefore states a claim upon which relief may be granted.  For this reason, the judgment of the court of appeals is affirmed.

### Facts and Procedural History

{¶ 4}   In the early morning hours of December 26, 2008, the city of Akron Fire Department EMS received an emergency call advising that Andrea Riffle, then in her third trimester of pregnancy, had begun experiencing serious vaginal bleeding. Company Officer Todd Kelly, Paramedic Stacie Frabotta, and Medics Peter Mattucci and Thomas Whatley all responded to the call.  They took Riffle's vital signs but did not assess the unborn child or transport Riffle to the hospital; instead, they contacted a private ambulance service, Physicians and Surgeons Ambulance Service, Inc., doing business as American Medical Response, which arrived a few minutes later and transported Riffle to the labor and delivery unit at Akron City Hospital.

{¶ 5}   Doctors there diagnosed the unborn child with fetal bradycardia—a fetal heart rate of less than 100 beats per minute, *Stedman's Medical Dictionary* 230 (26th Ed.1995)—and as a result, performed an emergency cesarean section. After the child's birth, doctors determined that a placental abruption precipitated the fetal bradycardia.  The baby survived for only three days.

**{¶ 6}** The Riffles sued the city of Akron and several of its medical-emergency personnel and Physicians and Surgeons Ambulance Service, alleging that each had negligently, recklessly, and wantonly caused the death of their daughter. The city moved for judgment on the pleadings, claiming immunity. The trial court denied the city's motion, concluding that R.C. 4765.49(B) provides for an exception to political-subdivision immunity when emergency medical services are provided in a manner constituting willful or wanton misconduct.

**{¶ 7}** The city appealed. The Ninth District Court of Appeals rejected the trial court's analysis construing R.C. 4765.49(B) as an exception to political-subdivision immunity as expressed in R.C. 2744.02. *Riffle v. Physicians & Surgeons Ambulance Serv.*, 9th Dist. No. 25829, 2011-Ohio-6595, 969 N.E.2d 297, ¶ 7-8. Rather, the appellate court determined that because both R.C. 2744.02(A)(1) and R.C. 4765.49(B) afford immunity to a political subdivision for providing emergency medical services but only R.C. 4765.49(B) contains an exception, the two statutes conflict. *Id.* at ¶ 11. It therefore held that "R.C. 4765.49(B) more specifically addresses governmental entities that provide emergency medical services than does R.C. 2744.02, and, therefore, it, rather than the more general provisions of R.C. 2744.02, applies to the alleged facts of this case." *Id.* at ¶ 2. Thus, the court concluded that the city is not immune from liability for any willful or wanton misconduct of its medical-emergency personnel, and it affirmed the trial court on that basis.

### Arguments on Appeal

**{¶ 8}** The city of Akron now appeals to this court and presents one proposition of law: R.C. 4765.49 does not conflict with R.C. 2744.02 under an R.C. 1.51 analysis, but serves as an additional immunity defense under R.C. 2744.03(A)(7).

**{¶ 9}** Even though the parties agree that providing emergency medical services is a governmental function for which the city is immune, the city asserts

that none of the exceptions to immunity set forth in R.C. 2744.02(B) imposes liability in this case for performing that governmental function. It claims that R.C. 4765.49(B) does not create an exception to immunity but instead provides an additional defense to liability that becomes relevant only if one of the exceptions to liability set forth in R.C. 2744.02(B) applies. It further maintains that no conflict exists between R.C. 2744.02 and R.C. 4765.49(B), because they can be read in harmony.

{¶ 10} The Riffles contend that R.C. 4765.49(B) expressly imposes liability on political subdivisions for injuries caused by the willful or wanton misconduct of first responders and note that the city's argument renders R.C. 4765.49(B) meaningless with regard to political-subdivision liability, because if the city is correct, a political subdivision will never be liable for injuries caused by those who provide emergency medical services, regardless of the degree of fault. But, they argue, if the court determines that R.C. 4765.49(B) does not provide an express exception to immunity, then the court should hold that it irreconcilably conflicts with R.C. 2744.02 and that R.C. 4765.49(B) controls because it is the more specific immunity statute.

{¶ 11} Because R.C. 4765.49(B) expressly imposes liability on a political subdivision when emergency medical services are provided in a manner that constitutes willful or wanton misconduct, the exception to immunity contained in R.C. 2744.02(B)(5) applies, and therefore a political subdivision is not immune from liability under the circumstances alleged in the complaint.

## Law and Analysis

### *Immunity for Providing Emergency Medical Services*

{¶ 12} At common law, political subdivisions enjoyed immunity for the performance of governmental functions, which included providing emergency services. *See Frederick v. Columbus*, 58 Ohio St. 538, 51 N.E. 35 (1898), syllabus; *Hall v. Youngstown*, 15 Ohio St.2d 160, 164, 239 N.E.2d 57 (1968);

*King v. Williams*, 5 Ohio St.3d 137, 140, 449 N.E.2d 452 (1983) ("emergency medical services fit within the classic definition of governmental functions"). We recognized, however, that the General Assembly had the authority to abrogate common law immunity of political subdivisions. *See Frederick* at the syllabus ("A municipal corporation is not, *in the absence of any statutory provision*, liable in damages to one injured by the negligent acts of its fire department or any of its members" [emphasis added]); *see also Broughton v. Cleveland*, 167 Ohio St. 29, 30, 146 N.E.2d 301 (1957) ("Ohio has consistently followed and applied the rule that, *except as otherwise provided by statute*, municipal corporations are exempt from liability for negligence in the performance or nonperformance of their governmental functions" [emphasis added]).

{¶ 13} In 1976, the General Assembly enacted Am.Sub.H.B. No. 832 to, among other things, "specify liability for emergency medical service," 136 Ohio Laws, Part II, 3042, and in R.C. 4731.90(B), which was in that act and is a predecessor of R.C. 4765.49, it imposed liability on political subdivisions for emergency medical services provided in a manner constituting willful or wanton misconduct:

> No political subdivision * * * nor any officer or employee of a public agency * * * that provides emergency medical services * * * shall be liable in civil damages for damages arising out of any actions taken by an EMT-A or paramedic working under the officer's or employee's jurisdiction * * * unless the care, treatment, or assistance is provided in a manner constituting willful or wanton misconduct.

136 Ohio Laws, Part II, 3052-3053.

**{¶ 14}** In 1982, this court abolished the common law immunity of political subdivisions in *Haverlack v. Portage Homes, Inc.*, 2 Ohio St.3d 26, 30, 442 N.E.2d 749 (1982), holding that the defense of sovereign immunity is not available in the absence of a statute providing immunity.

*R.C. Chapter 2744*

**{¶ 15}** In R.C. 2744.02(A)(1), the legislature, in 1985, reinstated political-subdivision immunity for governmental functions, which includes providing emergency medical services, R.C. 2744.01(C)(2)(a). As we explained in *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781:

> Determining whether a political subdivision is immune from tort liability pursuant to R.C. Chapter 2744 involves a three-tiered analysis. *Greene Cty. Agricultural Soc. v. Liming* (2000), 89 Ohio St.3d 551, 556–557, 733 N.E.2d 1141. The first tier is the general rule that a political subdivision is immune from liability incurred in performing either a governmental function or proprietary function. Id. at 556–557, 733 N.E.2d 1141; R.C. 2744.02(A)(1). However, that immunity is not absolute. R.C. 2744.02(B); *Cater v. Cleveland* (1998), 83 Ohio St.3d 24, 28, 697 N.E.2d 610.

> The second tier of the analysis requires a court to determine whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability. Id. at 28, 697 N.E.2d 610. At this tier, the court may also need to determine whether specific defenses to liability for negligent operation of a motor vehicle listed in R.C. 2744.02(B)(1)(a) through (c) apply.

If any of the exceptions to immunity in R.C. 2744.02(B) do apply and no defense in that section protects the political subdivision from liability, then the third tier of the analysis requires a court to determine whether any of the defenses in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability.

*Id.* at ¶ 7-9.

### *The R.C. 2744.02(B)(5) Exception*

{¶ 16} Among other exceptions to immunity contained in R.C. 2744.02(B), R.C. 2744.02(B)(5) states that "a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code."  The General Assembly, however, stated that

[c]ivil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term "shall" in a provision pertaining to a political subdivision.

*Id.*

### *R.C. 4765.49(B)*

{¶ 17} The year after the General Assembly enacted R.C. Chapter 2744, reinstating political-subdivision immunity, it recodified R.C. 4731.90 as R.C. 3303.21, Am.Sub.H.B. No. 222, 141 Ohio Laws, Part II, 2704, 2725-2727, and in

1992, it amended and recodified it as R.C. 4765.49, Am.Sub.S.B. No. 98, 144 Ohio Laws, Part I, 343, 500-502. The current version of R.C. 4765.49 is the result of an April 2007 amendment:

> A political subdivision * * *, and any officer or employee of a public agency * * *, that provides emergency medical services * * * is not liable in damages in a civil action for injury, death, or loss to person or property arising out of any actions taken by a first responder, EMT-basic, EMT-I, or paramedic working under the officer's or employee's jurisdiction, or for injury, death, or loss to person or property arising out of any actions of licensed medical personnel advising or assisting the first responder, EMT-basic, EMT-I, or paramedic, *unless the services are provided in a manner that constitutes willful or wanton misconduct.*

(Emphasis added.)

{¶ 18} Notably, appellate districts around the state have concluded that R.C. 4765.49 (or one of its predecessor statutes—R.C. 3303.21 or R.C. 4731.90) denies immunity when emergency medical services are provided in a manner constituting willful or wanton misconduct. *See, e.g., Fuson v. Cincinnati*, 91 Ohio App.3d 734, 633 N.E.2d 612 (1st Dist.1993); *Denham v. New Carlisle*, 138 Ohio App.3d 439, 443, 741 N.E.2d 587 (2d Dist.2000); *Dickman v. Elida Community Fire Co.*, 141 Ohio App.3d 589, 591, 752 N.E.2d 339 (3d Dist.2001); *Campbell v. Colley*, 113 Ohio App.3d 14, 20, 680 N.E.2d 201 (4th Dist.1996) (applying former R.C. 3303.21(D); case involved no political subdivision, so R.C. 2744.02 not involved); *Gordon v. Strasburg*, 5th Dist. No. 88AP050038, 1988 WL 119945 (Oct. 21, 1988); *Mitchell v. Norwalk Area Health Servs.,* 6th Dist. No. H-05-002, 2005-Ohio-5261, 2005 WL 2415995, ¶ 55; *Sopkovich v. Gold*

*Cross Ambulance*, 7th Dist. No. 90 C.A. 37, 1992 WL 19834 (Feb. 6, 1992); *Johnson v. Cleveland,* 194 Ohio App.3d 355, 2011-Ohio-2152, 956 N.E.2d 355, ¶ 21 and fn. 2 (8th Dist.); *Blair v. Columbus Div. of Fire*, 10th Dist. No. 10AP-575, 2011-Ohio-3648, 2011 WL 3073870, ¶ 28-29; *Bush v. Community Care Ambulance Network*, 11th Dist. No. 2011-A-0072, 2012-Ohio-4458, 2012 WL 4481299, ¶ 26 (applying R.C. 4765.49(A); case involved no political subdivision, so R.C. 2744.02 not involved); *Wright v. Hamilton*, 141 Ohio App.3d 296, 301, 750 N.E.2d 1190 (12th Dist.2001).

{¶ 19} As we explained in *Clark v. Scarpelli*, 91 Ohio St.3d 271, 278, 744 N.E.2d 719 (2001), "[i]t is presumed that the General Assembly is fully aware of any prior judicial interpretation of an existing statute when enacting an amendment." And we have observed that " 'the General Assembly has shown no hesitation in acting promptly when it disagrees with appellate rulings involving statutory construction and interpretation.' " *In re Bruce S.*, 134 Ohio St.3d 477, 2012-Ohio-5696, 983 N.E.2d 350, ¶ 11, quoting *State v. Ferguson,* 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 23.

{¶ 20} Furthermore, while the General Assembly has amended R.C. 4765.49 on multiple occasions subsequent to enacting R.C. Chapter 2744—most recently in legislation passed on December 13, 2012, 2012 Am.Sub.H.B. No. 284, effective March 22, 2013—it has not attempted to abrogate these appellate court holdings.

{¶ 21} We reject the conclusion of the court of appeals here that R.C. 4765.49(B) conflicts with R.C. 2744.02(A)(1). As explained in *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, " '[i]t is a well-settled rule of statutory interpretation that statutory provisions be construed together and the Revised Code be read as an interrelated body of law.' " *Id.* at ¶ 24, quoting *State v. Moaning*, 76 Ohio St.3d 126, 128, 666 N.E.2d 1115 (1996). R.C. 1.51 provides that when statutory provisions are in conflict, "they shall be

construed, if possible, so that effect is given to both." And when construing a statute, our paramount concern is "the legislative intent in the statute's enactment, and to discern this intent, we read words and phrases in context according to the rules of grammar and common usage." *Wilson v. Kasich*, 134 Ohio St.3d 221, 2012-Ohio-5367, 981 N.E.2d 814, ¶ 13.

{¶ 22} There is no conflict between R.C. 2744.02(A) and R.C. 4765.49(B). R.C. 2744.02(A)(1) establishes a general grant of immunity to political subdivisions, but R.C. 2744.02(B)(5) creates an exception to that immunity "when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code." R.C. 4765.49(B) in turn provides that a political subdivision is not liable in damages for emergency medical services provided by its first responders "unless the services are provided in a manner that constitutes willful or wanton misconduct."

{¶ 23} After considering the plain meaning and reviewing the history of these statutes, it is manifest that the legislature intended R.C. 4765.49(B) to expressly impose liability on political subdivisions within the meaning of R.C. 2744.02(B)(5) by providing an exception to the immunity of political subdivisions when emergency medical services are provided in a manner that constitutes willful or wanton misconduct.

## Conclusion

{¶ 24} A political subdivision is not liable for injury arising out of actions taken by first responders in the course of providing emergency medical services, unless those services are provided in a manner that constitutes willful or wanton misconduct. Here, the complaint alleges that city of Akron medical-emergency personnel wantonly caused injuries to the Riffles and their unborn child, and it therefore states a claim for which relief may be granted. Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Kohnen & Patton, L.L.P., Ann Ruley Combs, and Rebecca Cull, for appellees.

Cheri B. Cunningham, Akron Director of Law, and John Christopher Reece and Michael J. Defibaugh, Assistant Directors of Law, for appellant.

Steven M. Goldberg Co., L.P.A., and J. Michael Goldberg, urging affirmance for amicus curiae Ohio Association for Justice.

Ice Miller, L.L.P., and Stephen L. Byron, Stephen J. Smith, and Chris W. Michael; and John Gotherman, urging reversal for amicus curiae Ohio Municipal League.

_____