Kennedy, J., dissenting.
{¶ 38} This case presents the question whether an administrative appeal under R.C. 4923.99 from the imposition of a civil forfeiture for a violation of the motor-carrier regulations must be filed with the Public Utilities Commission of Ohio-the practice for administrative appeals from other types of orders of the commission-or whether an R.C. 4923.99 appeal may be perfected by filing the *145 notice of appeal with the Tenth District Court of Appeals. Because no statute, court rule, or regulation promulgated by the commission supports the conclusion that an R.C. 4923.99 appeal must be perfected by filing the notice of appeal with the court of appeals, I dissent.
{¶ 39} To answer the question presented, we begin in a familiar place: statutory construction. Our duty in construing a statute is to determine and give effect to the intent of the General Assembly as expressed in the language it enacted. Griffith v. Aultman Hosp. , 146 Ohio St.3d 196, 2016-Ohio-1138, 54 N.E.3d 1196, ¶ 18 ; Fisher v. Hasenjager , 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, ¶ 20. R.C. 1.42 guides our analysis, providing that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." Further, as we explained in Symmes Twp. Bd. of Trustees v. Smyth , "[w]hen the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need for this court to apply the rules of statutory interpretation." 87 Ohio St.3d 549, 553, 721 N.E.2d 1057 (2000). Rather, "[a]n unambiguous statute is to be applied, not interpreted." Sears v. Weimer , 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus.
{¶ 40} R.C. 4923.99(A)(1) directs the commission to issue orders that assess a civil forfeiture for violations of the motor-carrier regulations. R.C. 4923.99(C) and (D) permit appeals from these orders:
(C) The proceedings of the commission specified in division (A) of this section are subject to and governed by Chapter 4903. of the Revised Code, except as otherwise specifically provided in this section . The court of appeals of Franklin county has exclusive, original jurisdiction to review, modify, or vacate an order of the commission issued to secure compliance with any provision of Chapter 4921. or 4923. of the Revised Code. The court of appeals shall hear and determine those appeals in the same manner, and under the same standards, as the supreme court hears and determines *1258 appeals under Chapter 4903. of the Revised Code. The judgment of the court of appeals is final and conclusive unless reversed, vacated, or modified on appeal. Such appeals may be taken either by the commission or the person to whom the compliance order or forfeiture assessment was issued and shall proceed as in the case of appeals in civil actions as provided in the rules of appellate procedure and Chapter 2505. of the Revised Code.
(D) Section 4903.11 of the Revised Code does not apply to an appeal of an order issued to secure compliance with Chapter 4921. or 4923. of the Revised Code or an order issued under division (A)(1) of this section assessing a forfeiture. Any person to whom any such order is issued who *146 wishes to contest a compliance order, the fact of the violation, or the amount of the forfeiture shall file a notice of appeal, setting forth the order appealed from and the errors complained of, within sixty days after the entry of the order upon the journal of the commission. The notice of appeal shall be served, unless waived, upon the chairperson of the commission or, in the event of the chairperson's absence, upon any public utilities commissioner, or by leaving a copy at the office of the commission at Columbus. An order issued by the commission to secure compliance with Chapter 4921. or 4923. of the Revised Code or an order issued under division (A)(1) of this section assessing a forfeiture shall be reversed, vacated, or modified on appeal if, upon consideration of the record, the court is of the opinion that the order was unlawful or unreasonable.
(Emphasis added.)
{¶ 41} The lead opinion recognizes that R.C. 4923.99"does not specify where the notice of appeal is to be filed " to perfect an appeal from the commission's assessment of a forfeiture. (Emphasis sic.) Lead opinion at ¶ 16. It reasons that because the statute does not specifically say that the notice of appeal must be filed with the commission, it must be filed with the Tenth District Court of Appeals. But that conclusion does not necessarily follow from its premise. In fact, the same logic equally supports the commission's contention that because the statute does not expressly say that the notice of appeal must be filed with the Tenth District Court of Appeals, it must be filed with the commission. Rather than looking to the statute to determine the General Assembly's intent, the lead opinion arbitrarily chooses that the notice of appeal "should" be filed with the Tenth District Court of Appeals, id. at ¶ 32.
{¶ 42} Contrary to the conclusion of the lead opinion, by incorporating other provisions of the Revised Code governing appeals from the commission, R.C. 4923.99(C) requires an appellant to file the notice of appeal with the commission in order to perfect an appeal to the Tenth District Court of Appeals.
{¶ 43} R.C. 4923.99(C) states that "[t]he proceedings of the commission specified in division (A) of this section are subject to and governed by Chapter 4903. of the Revised Code, except as otherwise specifically provided in this section." R.C. Chapter 4903, in turn, addresses the practice and procedure before the commission and includes R.C. 4903.13, which provides the manner for appealing the commission's orders to this court. R.C. 4903.13 states:
A final order made by the public utilities commission shall be reversed, *1259 vacated, or modified by the supreme court on appeal, if, upon consideration *147 of the record, such court is of the opinion that such order was unlawful or unreasonable.
The proceeding to obtain such reversal, vacation, or modification shall be by notice of appeal, filed with the public utilities commission by any party to the proceeding before it, against the commission, setting forth the order appealed from and the errors complained of. The notice of appeal shall be served, unless waived, upon the chairman of the commission, or, in the event of his absence, upon any public utilities commissioner, or by leaving a copy at the office of the commission at Columbus.
(Emphasis added.)
{¶ 44} R.C. 4923.99(C) incorporates R.C. 4903.13"except as otherwise specifically provided in this section," and I agree that R.C. 4923.99 does not specify where the notice of appeal is to be filed. Because R.C. 4923.99 does not "specifically provide[ ]" where a notice of appeal must be filed, R.C. 4903.13 fills the gap to require filing with the commission. R.C. 4923.99(C) cements this conclusion by providing that "[t]he court of appeals shall hear and determine those appeals in the same manner, and under the same standards, as the supreme court hears and determines appeals under Chapter 4903. of the Revised Code." The manner specified for perfecting the appeal is by a notice of appeal filed with the commission.
{¶ 45} Our rules of statutory construction require that statutes be read in context and understood as an interrelated body of law. Riffle v. Physicians & Surgeons Ambulance Serv., Inc. , 135 Ohio St.3d 357, 2013-Ohio-989, 986 N.E.2d 983, ¶ 21. Importantly, appeals from other types of orders of the Public Utilities Commission are filed with the commission; R.C. 4903.13 states that an appeal to this court from a commission order "shall be by notice of appeal, filed with the public utilities commission." Similarly, the practice applicable to administrative appeals in general is that "[a]n appeal is perfected when a written notice of appeal is filed * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." R.C. 2505.04. The fact that the General Assembly has provided for so many appeals to be filed directly with administrative bodies undermines the lead opinion's claim that "[s]uch a procedure would * * * never alert the hearing tribunal of the appeal, and hence the appellate tribunal would never be aware of the commission's filing and theoretically never docket or schedule the case for hearing, thereby defying practical workability," lead opinion at ¶ 24. The practice has long been working.
{¶ 46} And when it has intended for administrative appeals to be filed with a court of appeals, the General Assembly has expressly enacted that requirement.
*148 For example, R.C. 5717.04 requires that "appeals [from the Board of Tax Appeals] shall be taken * * * by the filing by appellant of a notice of appeal with the court to which the appeal is taken and the board." For appeals from adjudications of state agencies, R.C. 119.12(D) provides that "[a]ny party desiring to appeal shall file a notice of appeal with the agency * * *. The notice of appeal shall also be filed by the appellant with the court [of common pleas]." Still other statutes require the appellant to file a notice of appeal with the agency and file a copy with the court. E.g. , R.C. 1509.37 (appeals from orders of the Oil and Gas Commission); R.C. 3745.06 (appeals from orders of the Environmental Review Appeals Commission). Although *1260 the General Assembly has required various methods of perfecting different types of administrative appeals, it has chosen each method expressly.
{¶ 47} No statute, court rule, or administrative regulation provides for the commencement of an administrative appeal from a civil forfeiture imposed for violating motor-carrier regulations by filing a notice of appeal with the Tenth District Court of Appeals. A thorough review of the statutes providing the procedure for perfecting administrative appeals reveals that the General Assembly does not enact filing rules by silence; rather, it specifically states where the notice of appeal is to be filed. It did so here by incorporating other provisions of the Revised Code governing appeals from the commission.
{¶ 48} I am sympathetic to the lead opinion's concern that filing rules should not " ' "deprive a supplicant of a fair review of his complaint on the merits," ' " lead opinion at ¶ 17, quoting Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision , 137 Ohio St.3d 266, 2013-Ohio-4627, 998 N.E.2d 1132, ¶ 14, quoting Nucorp, Inc. v. Montgomery Cty. Bd. of Revision , 64 Ohio St.2d 20, 22, 412 N.E.2d 947 (1980). But that concern, however valid, does not justify making arbitrary determinations or disregarding the statutory language that the legislature enacted.
{¶ 49} Our role is to apply statutes as written, and when the General Assembly in one statute directs us to another statutory provision, we are obliged to read them both in context and as an interrelated body of law. Accordingly, I would reverse the judgment of the court of appeals and remand the matter to that court to dismiss the appeal for lack of jurisdiction.