[Cite as *Conaway v. Mt. Orab*, 2024-Ohio-36.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| RUTH CONAWAY, | : | |
| Appellant, | : | CASE NO. CA2023-03-004 |
| - vs - | : | O P I N I O N<br>1/8/2024 |
| | : | |
| VILLAGE OF MT. ORAB, et al., | : | |
| Appellees. | : | |

APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 20210031

Office of Young & Caldwell, LLC, and Tyler E. Cantrell, for appellant.

Richard L. Goettke, Village of Mt. Orab Solicitor, for appellees, Village of Mt. Orab and Mt. Orab Police Department.

**HENDRICKSON, P.J.**

{¶ 1} Appellant, Ruth Conaway (Ruth), appeals the decision of the Brown County Court of Common Pleas granting summary judgment to appellees, the village of Mt. Orab (hereinafter "the Village") and the Mt. Orab Police Department (hereinafter "the Police Department"). For the reasons set forth below, we affirm the decision of the trial court.

{¶ 2} On October 3, 2019, Gregory L. Conaway (Gregory) was indicted in Brown

County, Ohio with third-degree felony OVI. The indictment contained a specification pursuant to R.C. 2941.1417(A) for the forfeiture of a 2014 Nissan Murano. On February 6, 2020, Gregory entered a guilty plea to OVI under R.C. 4511.19(A)(1)(a) and to the accompanying forfeiture specification. Gregory was sentenced the same day. The sentencing entry included an order that Gregory's 2014 Nissan Murano be forfeited to the Police Department. By separate entry, the common pleas court ordered the 2014 Nissan Murano be forfeited to the Police Department and that notice of the forfeiture be published. A notice of forfeiture was published on February 16, 2020 and February 23, 2020, in the Brown County Press, a newspaper of general circulation in Brown County, Ohio.

{¶ 3} On April 15, 2020, the Village arranged for Collins Collision & 24-Hour Towing to tow the vehicle from Gregory's home in Adams County, Ohio to the Mt. Orab Police Department impound lot.

{¶ 4} Pursuant to R.C. 2981.04(E)(1), a third party claiming an interest in the property to be forfeited "may petition the court that issued the order for a hearing * * * to adjudicate the validity of the person's alleged interest in the property." R.C. 2981.04(E)(1)(a) requires that such a petition "be filed within thirty days after the final publication of notice or the person's receipt of notice." Ruth Conaway, Gregory's wife and a joint owner of the 2014 Nissan Murano with Gregory, filed a motion on April 20, 2020 claiming an interest in the 2014 Nissan Murano and seeking a hearing on the forfeiture. On May 4, 2020, the common pleas court overruled Ruth's motion for a hearing on the forfeiture.

{¶ 5} On January 15, 2021, Ruth filed a civil complaint against the Police Department and the Village asserting claims for conversion and unjust enrichment. Ruth alleged that the Village and Police Department improperly forfeited her interest in the 2014 Nissan Murano and acted willfully and maliciously in doing so. Ruth maintains that she was

never served notice of the forfeiture and that the publication in the Brown County Press was insufficient as it is not a newspaper of general circulation in Adams County, where the vehicle was seized.

{¶ 6} On February 10, 2021, the Village and the Police Department filed a Civ.R. 12(B)(6) motion to dismiss Ruth's complaint, asserting that proper procedures were followed in ordering the vehicle forfeited and that they were immune from liability pursuant to R.C. Chapter 2744. On March 22, 2021, finding that the proper procedures for forfeiture were followed, the trial court granted the motion and dismissed the case. The trial court did not address the political subdivision immunity claim. Ruth appealed the dismissal of her complaint to this court.

{¶ 7} On appeal, we reversed and remanded, finding that the trial court improperly took judicial notice of the underlying criminal proceedings in which the forfeiture was ordered, and improperly considered factual allegations outside the complaint when ruling on the Village's motion to dismiss. *Conaway v. Mt. Orab*, 12th Dist. Brown No. CA2021-04-005, 2021-Ohio-4041.

{¶ 8} After remand, the Village filed two motions for summary judgment. In the first motion for summary judgment filed on September 1, 2022, the Village sought summary judgment on the claims against the Police Department, as it is not an entity capable of suing and being sued and is merely a division of the Village. Attached to this first motion for summary judgment was an affidavit of Mt. Orab mayor Joe Howser in which he averred that the Police Department is not an entity that could be sued and is merely a division of the Village. In its second motion for summary judgment filed on October 2, 2022, the Village sought summary judgment on the claims against it, arguing that the forfeiture of the vehicle and its seizure by the Village was performed in accordance with the law and that the Village was immune from liability under R.C. Chapter 2744. Attached to this second motion for

summary judgement was an affidavit from Mt. Orab police chief Jason Hahn averring that the seizure of the vehicle was executed pursuant to the forfeiture order of the common pleas court in the underlying criminal case and that the seizure of the vehicle "was not done with the willful or intentional design to do injury or harm to another; this conduct was not the failure to exercise any care whatsoever; this was not done with an unreasonable risk of harm; and this was not done negligently." Also attached to the second motion for summary judgment were various filings from the underlying criminal case and a copy of the notice of forfeiture published in the Brown County Press.

{¶ 9} Ruth filed an untimely response to the Village's second motion for summary judgment on December 15, 2022. She argued that the forfeiture/seizure of the vehicle was not in accordance with the applicable provisions of R.C. Chapter 2981. She also argued that the Village was not entitled to political subdivision immunity as R.C. 2744.02(B)(5) provides that political subdivisions are liable "for loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code * * *." Ruth claims that the procedures for forfeiture set forth in R.C. 2981.03 et. seq. impose liability because the General Assembly would not have otherwise enacted these procedures. Ruth included no summary judgment evidence with her response to the Village's motion for summary judgment.

{¶ 10} The trial court, by judgment entry of February 1, 2023, granted the motions for summary judgment. The trial court recognized that no response had been timely filed and found that the Police Department was not a separate entity capable of being sued but is only a part of the Village. The trial court also found that the Village did not act willfully or intentionally with a design to do injury or harm to any other person, did not act without exercising any care whatsoever, and did not act negligently. Further, the trial court found that the Village was immune from liability pursuant to R.C. 2744.02(A)(1) and 2744.02(B).

- 4 -

{¶ 11} Now on appeal, Ruth raises a single assignment of error for our review.

{¶ 12} THE TRIAL COURT ERRED BY GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

{¶ 13} Ruth claims that the trial court's grant of summary judgment was improper because the Village failed to comply with several statutory procedures for the forfeiture and seizure of her vehicle and these failures subject the Village to civil liability. First, she claims she was not given notice of the forfeiture at her last known address as required by R.C. 2981.03(A)(2). Second, she asserts that the publication of the notice of the forfeiture was defective as R.C. 2981.04(D) provides that the publication of notice be "in a newspaper of general circulation in the county in which the property was seized"; the vehicle was seized in Adams County and the publication of notice was in the Brown County Press, a newspaper which is not of general circulation in Adams County. Third, Ruth asserts that the prosecutor failed to make efforts to identify her as a person with an interest in the vehicle as required by R.C. 2981.04(D). However, Ruth did not attach any affidavits or any other evidence to her response to the Village's motion for summary judgment, therefore the summary judgment record is silent as to whether she received notice at her address, whether the Brown County Press newspaper is in general circulation in Adams County, and whether the prosecutor made efforts to identify Ruth as a person with an interest in the vehicle.

{¶ 14} The Village argues generally that it complied with applicable forfeiture procedures and acted in accordance with court orders issued in the underlying criminal case, but the Village does not respond directly to Ruth's assertions concerning non-compliance with forfeiture procedures. Indeed, the Village does not aver by affidavit or otherwise argue that it served notice on Ruth in compliance with R.C. 2981.03(A)(2). Rather, the main thrust of the Village's argument is that it is immune from liability regarding this seizure pursuant to R.C. 2744.02(A)(1).

{¶ 15} This case does not turn on whether the Village fully complied with the statutory procedures for forfeiture, but instead whether sovereign immunity shields the Village from liability. R.C. Chapter 2744 establishes a three-tiered analysis for determining whether a political subdivision is immune from tort liability. *Pelletier v. Campbell*, 153 Ohio St.3d 611, 2018-Ohio-2121, ¶ 15. "First, R.C. 2744.02(A) establishes the general rule that a political subdivision is immune from liability for acts or omissions connected with governmental or proprietary functions." *Carozza v. Lusk*, 12th Dist. Butler No. CA2021-12-155, 2022-Ohio-3272, ¶ 11. That grant of immunity, however, is not absolute. *Riffle v. Physicians & Surgeons Ambulance Serv., Inc.*, 135 Ohio St.3d 357, 2013-Ohio-989, ¶ 15. "The second tier of the analysis focuses on the five exceptions to immunity listed in R.C. 2744.02(B), which can expose the political subdivision to liability." *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, ¶ 14. "If any of the exceptions to immunity are applicable, thereby exposing the political subdivision to liability, the third tier of the analysis assesses whether any of the defenses to liability contained in R.C. 2744.03 apply to reinstate immunity." *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, ¶ 9.

{¶ 16} With regard to the first tier of the analysis, R.C. 2744.02(A)(1) provides:

> For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

The seizure of the vehicle is a governmental function pursuant to R.C. 2744.01(C)(1)(c) as "a function that promotes or preserves the public peace, health, safety, or welfare; that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons; and that is not specified in division (G)(2) of this section as a

proprietary function."  Seizing a motor vehicle from a person who has been convicted of multiple felony OVI offenses promotes and preserves the public peace, health, safety and welfare, and seizure of property forfeited to the state or a political subdivision is not a function engaged in by nongovernmental persons.  The seizure of the forfeited vehicle is also a governmental function under R.C. 2744.02(C)(2)(a) and (b) as it is the provision of police services and preserves the peace.

{¶ 17} With regard to the second tier of the analysis, R.C. 2744.02(B) provides five exceptions in which a political subdivision exposes itself to liability regarding governmental and proprietary functions.  The only provision claimed by Ruth to waive the Village's political subdivision immunity for the seizure of the vehicle is R.C. 2744.02(B)(5), which provides in part that, "a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code * * *."

{¶ 18} Ruth argues that R.C. 2981.03 et. seq. expressly imposes liability upon political subdivisions for seizures of property not done in accordance with the forfeiture procedures set forth therein.  However, R.C. 2981.03 et. seq. merely establishes the procedures for forfeiture of property and nowhere "expressly" imposes liability upon a political subdivision for its failure to observe those procedures.  In this regard, R.C. 2744.02(B)(5) also provides:

> Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term "shall" in a provision pertaining to a political subdivision.

It does not appear that the Village followed the statutory procedures for the seizure of the

vehicle. Nonetheless, Ruth has not identified any provision in R.C. Chapter 2744 which waives immunity in the circumstances of this case. Therefore, we do not reach the third tier of the analysis. Sovereign immunity shields the Village from civil liability regarding its seizure of the vehicle.

{¶ 19} For the foregoing reasons, Ruth's single assignment of error is overruled.

{¶ 20} Judgment affirmed.

M. POWELL and BYRNE, JJ., concur.