**BEARD, Appellant,**

**v.**

**MAYFIELD, Admr., et al., Appellees.**

[Cite as *Beard v. Mayfield* (1991), 73 Ohio App.3d 173.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–1043.

Decided April 16, 1991.

*Ronald J. Koltak,* for appellant.

*Lee I. Fisher,* Attorney General, and *Gerald H. Waterman,* for appellees Administrator, Bureau of Workers' Compensation and Industrial Commission of Ohio.

*Schottenstein, Zox & Dunn, James E. Davidson* and *Susan Porter,* for appellee Rockwell International Corporation.

---

BOWMAN, Presiding Judge.

Appellant, Richard Beard, was employed by appellee, Rockwell International Corporation, as a quality assurance inspector beginning May 18, 1982. Throughout the course of his employment, appellant worked a schedule that required a minimum of sixty-six to seventy-seven hours of work per week.

In September 1986, appellant went to his personal physician, Dr. Edward Pollyea, because he was passing blood in his stool. Dr. Pollyea gave him a physical and, when he was informed that appellant was working a mandatory schedule of sixty-six hours per week, Pollyea informed appellant that he was not to work more than forty hours per week. Pollyea then gave appellant a note to that effect.

Appellant continued to work his regular work schedule and, on September 26, 1986, when he was finally able to see the company doctor, appellant presented the note from Pollyea to him. After checking appellant, the company doctor called Pollyea, who asked appellant to be at the emergency room that afternoon. The company doctor then placed appellant on medical leave and sent him to the hospital. While appellant was in the hospital, he was told that he had atrial fibrillation, an irregular heartbeat.

Appellant filed a claim with the Bureau of Workers' Compensation and, on September 14, 1988, a district hearing officer found that appellant did not sustain an injury in the course of and arising out of his employment and appellant's claim was not allowed. Appellant appealed this decision to the regional board of review and, by order dated February 16, 1989, the board affirmed the district hearing officer's order. Appellant appealed this decision to the Industrial Commission of Ohio and, by order dated May 1, 1989, the Industrial Commission refused to hear appellant's appeal.

On August 30, 1989, appellant filed a complaint in the Franklin County Court of Common Pleas, seeking the right to participate in the Workers' Compensation Fund. Appellant asserted that he suffered an injury while in the performance of duties incidental to, arising out of, and in the course of his employment with Rockwell. Rockwell, the Bureau of Workers' Compensation and the Industrial Commission answered the complaint and each denied appellant's right to participate in the Workers' Compensation Fund.

On May 4, 1990, Rockwell filed a motion for summary judgment based on the complaint and answers, the deposition of appellant and its memorandum in support of the motion. On May 16, the Bureau of Workers' Compensation filed a memorandum in support of Rockwell's motion for summary judgment. On May 23, 1990, appellant filed a memorandum contra Rockwell's motion for summary judgment; however, the motion was not supported by any additional evidentiary materials. On July 23, 1990, the trial court sustained the motion for summary judgment and found that there was no genuine issue of material fact. Appellant now brings this appeal and asserts the following assignment of error:

"The trial court erred when it granted appellee Rockwell International's motion for summary judgment because there are genuine issues of material fact herein and therefore, the moving parties were not entitled to judgment as a matter of law.

"1. There is a genuine issue of material fact as to whether Richard Beard incurred an injury as defined under the Ohio Workers' Compensation Act.

"2. There is a genuine issue of material fact as to the causal relationship between Richard Beard's employment and his injury."

It is appellant's contention that he suffers from atrial fibrillation resulting from the stress of his working conditions and that this condition in and of itself is a compensable injury. In response, Rockwell contends the stress suffered by appellant was no different from that of any other employee, and the Administrator of the Bureau of Workers' Compensation contends atrial fibrillation is not an injury.

For purposes of workers' compensation, an "injury" is defined in R.C. 4123.01(C) as:

" 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. * * * "

In *Ryan v. Connor* (1986), 28 Ohio St.3d 406, 28 OBR 462, 503 N.E.2d 1379, paragraph one of the syllabus, the Ohio Supreme Court held:

"A physical injury occasioned solely by mental or emotional stress, received in the course of, and arising out of, an injured employee's employment, is compensable under R.C. 4123.01(C). (*Szymanski v. Halle's* [1980], 63 Ohio St.2d 195 [17 O.O.3d 120, 407 N.E.2d 502], and *Toth v. Standard Oil Co.* [1953], 160 Ohio St. 1 [50 O.O. 476, 113 N.E.2d 81], overruled.)"

While the court in *Ryan* overruled earlier decisions which held that a physical disability caused solely by mental or emotional stress was not compensable, the court did not obviate the necessity that there be a physical injury, albeit one caused by emotional or mental stress, in order to receive workers' compensation. *Mettes v. Transamerica Ins. Corp.* (1987), 36 Ohio App.3d 180, 521 N.E.2d 1138.

"Fibrillation" is defined in Webster's Third New International Dictionary (1986) 843, as "very rapid irregular contractions of the muscle fibers of the heart resulting in a lack of synchronism between heartbeat and pulse beat." "Atrial" is merely an adjective defining the part of the heart involved, namely the atria (both the right atrium and the left atrium).

 On its face and for purposes of being compensable within the workers' compensation law, atrial fibrillation, a rapid irregular heartbeat, is not an injury without a showing that, in appellant's circumstances, the atrial fibrillation has caused a physical injury or there are some unique circumstances so that for him atrial fibrillation is a physical injury.

A motion for summary judgment is appropriate only where, after construing the evidence most strongly in favor of the party opposing the motion, reasonable minds could only conclude that the movant is entitled to judgment. The moving party bears the burden of producing evidence in support of the motion, regardless of which party bears the burden of proof at trial. *Whiteleather v. Yosowitz* (1983), 10 Ohio App.3d 272, 10 OBR 386, 461 N.E.2d 1331. Once the moving party has produced sufficient competent evidence to support the motion, however, the opposing party may not rest on the pleadings but must come forward with evidence of specific facts which controvert the moving party's evidence. *Savransky v. Cleveland* (1983), 4 Ohio St.3d 118, 4 OBR 364, 447 N.E.2d 98. While a nonmoving party has no burden of proof in opposing a motion for summary judgment, when presented with a motion for

summary judgment properly supported showing no issue of fact exists and that the moving party is entitled to judgment as a matter of law, the nonmoving party does have a burden to supply evidentiary materials to support his position that a genuine issue of fact exists. *Mathis v. Cleveland Pub. Library* (1984), 9 Ohio St.3d 199, 9 OBR 511, 459 N.E.2d 877.

Here, the Administrator of the Workers' Compensation Bureau contended that, as a matter of law, atrial fibrillation by its medical definition was not an injury; hence, relator had to respond with some showing that, in his instance, atrial fibrillation was something other than a rapid irregular heartbeat or that the rapid irregular heartbeat had caused an injury. Relator's deposition filed in support of Rockwell's motion for summary judgment did not present any evidence of a physical injury caused by or resulting from the atrial fibrillation. Relator has suffered the same condition, even off the job, when a stranger came to his home; relator's sister also has atrial fibrillation.

Inasmuch as we have determined that atrial fibrillation as a matter of law is not a compensable injury, we need not address appellant's second argument in support of his sole assignment of error that there were issues of fact showing whether or not the injury was job related.

For the foregoing reasons, appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and KLINE, JJ., concur.

ROGER L. KLINE, J., of the Pickaway County Court of Common Pleas, sitting by assignment.