[Cite as *Jacobs v. Shearer's Foods, L.L.C.*, 2018-Ohio-3863.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TRICIA A. JACOBS | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| SHEARER'S FOODS, LLC, ET AL | : | Case No. 2018CA00027 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 2017CV01049

JUDGMENT:                         Affirmed

DATE OF JUDGMENT:                 September 24, 2018

APPEARANCES:

For Plaintiff-Appellant                    For Defendants-Appellees

JENNIFER L. LAWTHER                        JOSEPH N. GROSS
DANIEL A. KIRCHNER                         JACLYN C. STAPLE
COREY J. KUZMA                             200 Public Square
2730 Euclid Avenue                         Suite 2300
Cleveland, OH  44132                       Cleveland, OH 44114

For Bureau of Workers' Compensation

LISA A. REID
Assistant Attorney General
State Office Building, 11th Floor
615 West Superior Aveue
Cleveland, OH 44113

*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant Tricia A. Jacobs appeals the February 15, 2018 judgment of the Court of Common Pleas of Stark County, Ohio granting Defendant-Appellee Shearer's Foods motion for summary judgment.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   In 2014, appellant was an employee of Shearer's Foods. On March 14, 2014, appellant fell from a loading dock and struck her head on the concrete two to three feet below.

{¶ 3}   Appellant filed a worker's compensation claim. Conditions were permitted which are not at issue here. Two years later, however, appellant sought to add three conditions to her claim: traumatic brain injury, fusion with defective stereopsis, and convergence insufficiency. These additional allowances were denied by the Industrial Commission of Ohio. Appellant exhausted her administrative appeals and appealed to the Stark County Court of Common Pleas pursuant to R.C. 4123.512.

{¶ 4}   Appellant disclosed two possible expert witnesses through discovery and court-required notifications, optometrist Druscilla H. Grant, and Paul Scheatzle, M.D.

{¶ 5}   Optometrist Grant provided appellant with an eyeglasses prescription and appellant purchased eyeglasses from Optometrist Grant. Appellant submitted a report from Grant in which Grant opined appellant's "visual problems are more likely than not a direct result of her traumatic brain injury."

{¶ 6}   Dr. Scheatzle provided appellant with massage treatments and depression and anxiety medications. He submitted a report in which he opined "There is a direct

correlation between her allowed diagnosis of traumatic brain injury with her convergence, (sic) insufficiency, and fusion with defective stereopsis."

{¶ 7} Traumatic brain injury was not an allowed condition. Further, neither medical professional provided a basis for their opinions, and appellant presented no evidence to demonstrate these witnesses were qualified to testify as medical experts at trial.

{¶ 8} Based on these facts, on January 12, 2018 appellee filed a motion for summary judgment. On January 31, 2018, appellant filed her brief in opposition, and appellee filed a reply on February 7, 2018. On February 15, 2018, the trial court granted appellee's motion for summary judgment.

{¶ 9} Appellant filed an appeal, and the matter is now before this court for review. She raises one assignment of error:

I

{¶ 10} "THE TRIAL COURT ERRED BY GRANTING APPELLEE SHEARER'S FOODS, LLC'S MOTION FOR SUMMARY JUDGMENT."

{¶ 11} In her sole assignment of error, appellant argues the trial court erred in granting appellee's motion for summary judgment. We disagree.

{¶ 12} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact

remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶ 13} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 14} As explained by this court in *Leech v. Schumaker,* 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986). The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion,

and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.  The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case.  Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims.  If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied.  However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."  The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

{¶ 15} Here, appellee moved for summary judgment based on causation, i.e, that appellant failed to demonstrate that the three new conditions she sought to claim existed and were proximately caused by her workplace injury.

{¶ 16} "[I]n order to establish a right to workmen's compensation for harm or disability claimed to have resulted from an accidental injury, it is necessary for the claimant to show by a preponderance of the evidence not only that his injury arose out of

and in the course of his employment but that a direct or proximate causal relationship existed between his accidental injury and his harm or disability; and where medical evidence is necessary to establish such relationship, that evidence must show that his accidental injury was or probably was a direct or proximate cause of the harm or disability. * * * " *Fox v. Industrial Comm.*, 162 Ohio St. 569, 576, 125 N.E.2d 1 (1955).

{¶ 17} "Except as to questions of cause and effect which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion. In the absence of such medical opinion, it is error to refuse to withdraw that issue from the consideration of the jury." *Darnell v. Eastman*, 23 Ohio St.2d 13, 261 N.E.2d 114 (1970) syllabus.

{¶ 18} In order to be admissible, expert testimony must comply with the Ohio Rules of Evidence. The admissibility of expert testimony is governed by Rule 702 of the Ohio Rules of Evidence, which provides as follows:

A witness may testify as an expert if all of the following apply:

(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;

(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;

(C) The witness' testimony is based on reliable scientific, technical, or other specialized information. To the extent that the testimony reports the result of a procedure, test, or experiment, the testimony is reliable only if all of the following apply:

(1) The theory upon which the procedure, test, or experiment is based is objectively verifiable or is validly derived from widely accepted knowledge, facts, or principles;

(2) The design of the procedure, test, or experiment reliably implements the theory;

(3) The particular procedure, test, or experiment was conducted in a way that will yield an accurate result.

{¶ 19} Trial courts utilize Evid. R. 702 to perform a gatekeeping function through which they ensure that expert testimony is sufficiently relevant and reliable. *Valentine v. Conrad*, 110 Ohio St.3d 42, 2006-Ohio-3561, 850 N.E.2d 683, reconsideration denied by 111 Ohio St.3d 1418, 2006-Ohio-5083, 854 N.E.2d 1095, at ¶ 17.

{¶ 20} Appellee, in its motion for summary judgment argued appellant had not established that her named experts were qualified to testify regarding the alleged conditions, and had failed to set forth any competent medical evidence to establish the conditions she claimed existed or were connected to her workplace accident. At issue are Evid. R. 702(B) and Evid. R. 702(C); whether Dr. Scheatzle and optometrist Grant are qualified to testify regarding traumatic brain injury, and whether their conclusions are based upon reliable scientific, technical, or other specialized information.

{¶ 21} While appellant complains appellee failed to produce any evidence to support its assertion that appellant's experts were unqualified to testify pursuant to Evid.R. 702, this was not appellee's burden. "While a nonmoving party has no burden of proof in opposing a motion for summary judgment, when presented with a motion for summary judgment properly supported showing no issue of fact exists and that the moving party is entitled to judgment as a matter of law, the nonmoving party does have a burden to supply evidentiary materials to support his position that a genuine issue of fact exists." *Beard v. Mayfield*, 73 Ohio App.3d 173, 176-177, 596 N.E.2d 1056 (10th Dist. 1991) citing *Mathis v. Cleveland Pub. Library*, 9 Ohio St.3d 199, 459 N.E.2d 877 (1984).

{¶ 22} We have reviewed the record and find it devoid of any information demonstrating either professional is competent to testify to the claimed conditions, or their connection to the workplace injury. Without competent expert testimony, appellant is unable to prove proximate cause, and without proximate cause, the appellant is unable to prove all the elements of her cause of action. The trial court thus properly granted appellee's motion for summary judgment.

{¶ 23} Appellant's sole assignment of error is overruled, and the judgment of the Stark County Court of Common Pleas is hereby affirmed.


By Wise, Earle, J.

Gwin, P.J. concur and

Hoffman, J. concurs separately.


EEW/rw

*Hoffman, J., concurring*

{¶24} I concur in the majority's disposition of Appellant's appeal.[1]   I write separately to note Appellee's reliance on the fact Dr. Scheatzle's [conceded] misstatement of Appellant's claim had been allowed for "traumatic brain injury" renders his opinion insufficient to support Appellant's claim gives me pause.

{¶25} The majority states the original allowed claims are not at issue here. (Majority Opinion at ¶3).  While technically correct, I think they do arguably bear on the sufficiency of Dr. Scheatzle's opinion.  Appellant's claim had already been allowed for concussion with a brief loss of consciousness, contusion scalp, laceration scalp, occipital neuralgia cervical syndrome, and large left parietal occipital hematoma posteriorly, among others.  It would be reasonable to generally characterize these allowed claims, as a whole, resulted in "traumatic brain injury" even though the claim was never specifically allowed as such.  Had Dr. Scheatzle's report indicated there was a direct correlation between Appellant's allowed conditions as set forth above and a diagnosis of "traumatic brain injury with convergence, [sic] insufficiency, and fusion with defective stereopsis," I believe such would have been sufficient to withstand summary judgment.  However, in the absence of any evidence submitted by Appellant to so clarify Dr. Scheatzle's report, and because Appellant had failed to identify any other medical

---

[1] I agree Optometrist Dr. Grant is not qualified to opine regarding traumatic brain injury.

expert(s) to support her claim for allowance of additional conditions, I concur in the majority's decision to affirm the trial court.

_____
HON. WILLIAM B. HOFFMAN