[Cite as *Moree v. Greater Cleveland Regional Transit Auth.*, 2024-Ohio-6031.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DARIUS MOREE,                                 :

    Plaintiff-Appellee,                 :

                            No. 114175

    v.                                          :

GREATER CLEVELAND REGIONAL
TRANSIT AUTHORITY,                      :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN
              PART AND REMANDED
**RELEASED AND JOURNALIZED:** December 26, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-969544

---

### *Appearances:*

Soroka & Associates, LLC, Roger Soroka and Matthew
Bodeman; Flowers & Grube, Kendra N. Davitt, Louis E.
Grube and Paul W. Flowers, *for appellee.*

Roetzel & Andress, Stephen W. Funk and Emily K.
Anglewicz, *for appellants.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} The Greater Cleveland Regional Transit Authority ("RTA") and Glenda

Alexander ("Alexander"), an employee of RTA, (collectively the "RTA Defendants")

appeal the trial court's denial of their motions for summary judgment based on political subdivision immunity under R.C. Ch. 2744. For the reasons that follow, we affirm the trial court's judgment in part, reverse in part and remand the case to the trial court.

## I. Facts and Procedural History

{¶ 2} On June 1, 2021, Darius Moree ("Moree") and Alexander were involved in an automobile accident at the intersection of Van Aken Blvd. and Parkland Dr. in Shaker Heights. Moree was driving his vehicle north on Lynnfield Road, approaching Van Aken and Alexander was driving an RTA Ford F-550 truck south on Parkland Road attempting to turn left onto Van Aken. As Alexander was turning left, the front bumper of the RTA truck collided with the front driver's side of Moree's vehicle and Moree allegedly sustained bodily injuries as a result of the crash.

{¶ 3} On October 3, 2022, Moree filed a complaint against the RTA Defendants alleging three causes of action — negligence against Alexander, negligence against RTA, including negligent training and/or supervision and negligent entrustment against RTA.[1] In its answer to Moree's complaint, RTA alleged a counterclaim against Moree for negligence. RTA amended its counterclaim adding a spoliation of evidence cause of action against Moree after his vehicle was declared a total loss.

---

[1] Moree also listed "John Doe" and "Company XYZ" as defendants and alleged a negligence claim against both these parties. However, these defendants and this claim are not at issue in this appeal.

{¶ 4} Discovery disputes ensued and the parties filed various motions to compel; to strike; to show cause; for in camera review; for protective order and to quash. On August 29, 2023, the trial court issued a journal entry finding that the RTA Defendants failed to comply with the Rules of Civil Procedure as well as the trial court's orders regarding discovery and thus "waived objections of privilege and/or protected trial preparation materials." In this journal entry, the court denied the RTA Defendants' motion for protective order, granted Moree's motion to compel and ordered the RTA Defendants to produce the documents Moree requested in discovery.

{¶ 5} On September 8, 2023, the RTA Defendants appealed the trial court's discovery rulings to this court and the case was stayed in the trial court. *See Moree v. [RTA]*, 8th Dist. Cuyahoga No. 113164. On November 6, 2023, the parties filed a joint motion in the trial court to "modify/amend/revise [the] August 29, 2023 order compelling production" of documents. Essentially, the parties requested that the trial court conduct an in camera review of the discovery documents at issue rather than order the RTA Defendants to produce the documents to Moree based on a finding that the RTA Defendants "waived objections of privilege." The parties also filed a "joint motion to stay and remand" in this court asking that the appeal be stayed so that the trial court could rule on the joint motion to "modify/amend/revise." This court granted the joint motion to stay the next day and remanded the case to the trial court.

**{¶ 6}** On November 20, 2023, the trial court granted the parties' joint motion to "modify/amend/revise" and issued a journal entry ordering the RTA Defendants to "submit a privilege log and the documents in dispute for in camera review by the Court within 90 days of the entry of this Order rather than producing the documents directly to [Moree's] counsel based on waiver."

**{¶ 7}** On December 11, 2023, this court granted the RTA Defendants' motion for voluntary dismissal of appeal No. 113164.

**{¶ 8}** On December 12, 2023, the trial court issued a journal entry amending the litigation schedule and setting this case for trial on July 22, 2024. On February 16, 2024, the RTA Defendants partially complied with the court's November 20, 2023 order to submit a privilege log and documents for in camera review. The RTA Defendants filed a privilege log and over 11,000 documents and requested a 90-day extension to review additional documents. On March 11, 2024, the court granted the RTA Defendants' request for an extension, in part, allowing an additional 30 days to "supplement . . . its privilege log with additional documents for in camera inspection." The court also ordered the RTA Defendants to file "hard copies of all documents and the privilege log accompanying said documents which were filed with this court [via] thumb drive on 12-16-24." The court's journal entry also required the RTA Defendants to file all supplemental documents associated with the privilege log "on a thumb drive and also in hard copy . . ." On March 14, 2023, the court further ordered the RTA Defendants to file a complete duplicate set of redacted documents both on a thumb drive and "in hard copy."

**{¶ 9}** On April 15, 2024, the RTA Defendants filed a "notice of submission of privilege log, documents for in camera inspection under seal," which included electronic and hard copies of the following: 13,179 unredacted documents; 13,179 redacted documents and a 453-page privilege log.

**{¶ 10}** On May 8, 2024, Alexander and RTA filed separate motions for summary judgment arguing that they were immune from liability under R.C. Ch. 2744, which governs political subdivision immunity. That same day, Moree filed a motion for partial summary judgment regarding RTA's counterclaim against him for spoliation of evidence.

**{¶ 11}** On May 28, 2024, the court issued a journal entry stating that it had reviewed the RTA Defendants' privilege log and submitted documents and it "overrules [the RTA Defendants'] objections." The court further ordered the RTA Defendants to "submit to [Moree's] attorneys within 7 days of this journal entry all unredacted documents which it submitted to this court for in camera review . . . ."

**{¶ 12}** On June 14, 2024, Moree filed a brief in opposition to RTA's summary judgment motion. Moree did not oppose Alexander's summary judgment motion. On June 18, 2024, the court granted Moree's motion for partial summary judgment finding that RTA's counterclaim for spoliation of evidence failed as a matter of law. We note that this ruling granting Moree partial summary judgment left RTA's counterclaim for negligence against Moree pending.

**{¶ 13}** On June 20, 2024, Moree filed a Civ.R. 41(A) notice of voluntary dismissal without prejudice of all claims "against . . . Alexander only." On June 28,

2024, Moree filed a "notice of partial dismissal of count 3 – negligent entrustment (only)" without prejudice against RTA. Also on June 28, 2024, Moree filed a document captioned "NOTICE," which stated, in part, as follows: "[Moree] is only proceeding with his Negligence Claim against [RTA] . . . . [Moree] maintains that [RTA] is liable pursuant to Section 2744.02(B)(1) of the Ohio Revised Code . . . . [Moree] will not be proceeding with claims for negligent training and negligent supervision against [RTA]." This "NOTICE" purported[2] to dismiss only the negligent "training and supervision allegations" against RTA without prejudice.

{¶ 14} In the meantime, the parties filed a flurry of documents, including motions in limine, motions to strike, deposition transcripts, trial briefs and jury instructions in anticipation of trial which remained set for July 22, 2024.

{¶ 15} On July 5, 2024, the court issued a journal entry denying RTA's summary judgment motion and declaring Alexander's summary judgment motion moot. The pertinent parts of this journal entry follow:

> [Moree] dismissed count 3 of his complaint for negligent entrustment against [RTA]; hence, [RTA's] assertion that no genuine issue of material fact exists as to [Moree's] count 3 negligent entrustment against [RTA] is moot . . . . This court, in construing the evidence strongly in favor of the non-moving party, [Moree], finds that there exists a genuine issue of material fact. [RTA's] motion for summary

---

[2] In *Pattison v. W.W. Grainger, Inc.,* 2008-Ohio-5276, ¶ 20, the Ohio Supreme Court stated that "Civ.R. 41(A) allows for a dismissal of all claims against particular defendants . . . . To allow a partial Civ.R. 41(A) dismissal is potentially prejudicial to defendants." The *Pattison* Court cited *Denham v. New Carlisle*, 86 Ohio St.3d 594, 597 (1999), and further held that the "language used in both *Denham* and Civ.R. 41(A)(1) expressly states that the rule can be used to dismiss 'all claims' against a single defendant. It does not allow for the dismissal of a *portion* of the claims against a certain defendant. Civ.R. 41(A) applies to discrete parties, not discrete causes of action." (Emphasis in original.) *Pattison* at ¶ 18.

judgment, filed 05/08/2024, is denied . . . . Alexander has been dismissed out of this case, therefore, . . . Alexander's motion for summary judgment, filed 05/08/2024, is moot.

{¶ 16} It is from this journal entry that the RTA Defendants filed a notice of appeal on July 19, 2024,[3] raising two assignments of error for our review.

I. The trial court erred as a matter of law by denying [RTA's] motion for summary judgment as to the negligence claim in Count II of the Complaint because [RTA] is immune from liability pursuant to R.C. Chapter 2744.

II. The trial court erred as a matter of law by denying [the RTA Defendants'] motions for summary judgment as moot as to Counts I and III, along with the negligent training claim in Count II, because [Moree's] attempt to voluntarily dismiss those claims without prejudice was contrary to law and [the RTA Defendants] are immune from those claims.

{¶ 17} Prior to delving into the merits of the RTA Defendants' arguments on appeal, we continue with the procedural history of this case because it did not end with the filing of the notice of appeal, which is what typically occurs. In this case, however, the RTA Defendants filed in the trial court a "motion to impose mandatory stay" on the same day they filed their notice of appeal, July 19, 2024. The RTA Defendants also filed in this court an "emergency" motion for a stay of all proceedings in the trial court, including the upcoming trial scheduled for July 22, 2024. On July 22, 2024, the trial court had not ruled on the motion for stay and this court issued a journal entry stating in part as follows:

[The RTA Defendants' motion] to stay all trial court proceedings with request for emergency and immediate consideration is granted.

---

[3] The RTA Defendants filed their notice of appeal in this court on July 19, 2024, which was a Friday, at 3:33 p.m. Trial in this case was scheduled to begin on Monday, July 22, 2024, at 9:00 a.m.

Pursuant to App.R. 7(A), the stay must ordinarily be ruled on first by the trial court unless it is not practicable to do so. Due to the fact the trial is set to commence this morning and the trial court has failed to rule on the stay pending before it, this court finds that it is not practicable to wait for the trial court to rule. The case, which is set for trial on July 22, 2024 is stayed pending appeal.

{¶ 18} The next day, July 23, 2024, this court granted Moree's motion for reconsideration ruling that the "order staying all trial court proceedings is vacated." This court remanded the matter to the trial court until August 26, 2024 "so that trial may proceed." On July 24, 2024, the trial court rescheduled this case for trial on August 19, 2024.

{¶ 19} On July 26, 2024, the RTA Defendants filed a motion for reconsideration in this court asking that the stay and remand journal entries that this court issued on July 23, 2024 be vacated.

{¶ 20} On July 29, 2024, Moree filed a motion to amend his complaint in the trial court in which he requested "an order dismissing with prejudice his outstanding claim for negligent entrustment against RTA . . . ." Moree also requested "leave to amend his complaint to assert only a common law claim of negligent operation of a motor vehicle against RTA."

{¶ 21} On August 9, 2024, the RTA Defendants filed an affidavit of disqualification in the Ohio Supreme Court seeking to disqualify the trial court judge from presiding over this case pursuant to R.C. 2701.03.

{¶ 22} On August 13, 2024, this court granted the RTA Defendants' motion for reconsideration, stating the following: "[T]he orders vacating the stay and

granting the remand are vacated. The appeal is returned to the active docket of the court of appeals. The stay of the trial court proceedings originally requested by RTA is granted."

{¶ 23} Also on August 13, 2024, the trial court granted in part and denied in part Moree's motion for leave to file an amended complaint. The court "granted" the motion in part "by dismissing count[] III (negligent entrustment against [RTA]) . . . pursuant to Civ.R. 41(A)(2)." Furthermore, the court "denied" Moree leave to file his amended complaint.

{¶ 24} On August 15, 2024, the trial court issued a journal entry stating the following: "Due to Ohio Supreme Court and 8th District Court cases regarding the instant case, it is stayed until further order from the courts."

{¶ 25} On September 4, 2024, the Ohio Supreme Court dismissed the affidavit of disqualification regarding the trial court judge finding that "[b]ecause the case is pending in the Eighth District Court of Appeals, there is currently no case pending before" the trial court judge.

## II. Law and Analysis

{¶ 26} We address the RTA Defendants' assignments of error out of order for ease of discussion.

### A. Political Subdivision Immunity, Summary Judgment and Final Appealable Orders

{¶ 27} In *Hubbell v. Xenia*, 115 Ohio St.3d 77, ¶ 27 (2007), the Ohio Supreme Court held that "when a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the

benefit of an alleged immunity and thus is a final, appealable order pursuant to R.C. 2744.02(C)." In *Hubbell*, the Court "reversed the dismissal of an appeal from the denial of summary judgment on a claim of state-law immunity." *Summerville v. Forest Park*, 2010-Ohio-6280, ¶ 13. This holding created an exception to the general rule that a denial of summary judgment is interlocutory in nature and is not a final appealable order. *Id.* at ¶ 11.

{¶ 28} Accordingly, we find that, to the extent the trial court denied the RTA Defendants the benefit of immunity, the July 5, 2024 journal entry is a final appealable order.

### a. Political Subdivision Immunity, the Doctrine of Mootness and Final Appealable Orders — Analysis

{¶ 29} In the RTA Defendants' second assignment of error, they argue that the court erred by denying their motions for summary judgment as moot regarding the sole claim against Alexander, the negligent entrustment claim against RTA and the portion of the negligence claim alleging negligent training and/or supervision against RTA. According to the RTA Defendants, the denial as moot was improper because Moree's "attempt to voluntarily dismiss those claims without prejudice was contrary to law and Appellants are immune from those claims." A careful reading of the trial court's July 5, 2024 journal entry shows that the RTA Defendants' argument is based on incorrect premises regarding the procedural posture of this case. The trial court did not "deny" the pending summary judgment motions, or any part of the motions, as moot, as will be explained below.

{¶ 30} We note that we do not have jurisdiction to determine whether Moree's "attempt to voluntarily dismiss [certain] claims without prejudice was contrary to law" at this stage of the proceedings. The only issue that is properly before this court is whether the trial court erred by denying the RTA Defendants the benefit of political subdivision immunity. *See Reinhold v. Univ. Hts.*, 2014-Ohio-1837, ¶ 21 ("An appeal from a denial of summary judgment based on sovereign immunity is limited to the review of alleged errors in the portion of the trial court's decision that denied the political subdivision the benefit of immunity.").

{¶ 31} It is clear from the trial court's July 5, 2024 journal entry that the court found "Alexander's motion for summary judgment . . . is moot." The question then becomes does this declaration of mootness deny the RTA Defendants the benefit of political subdivision immunity? We hold that it does not. *See Miner v. Witt*, 82 Ohio St. 237, 239 (1910), quoting *Mills v. Green*, 159 U.S. 651, 653 (1895) ("'The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."). To be clear, we offer no opinion on whether the court erred by declaring Alexander's summary judgment motion moot or whether Moree's claim against Alexander was properly before the trial court when it issued its ruling. These issues are not properly before this court because they are not based on final appealable orders.

What we do hold, however, is that the trial court's declaration that Alexander's summary judgment motion is moot does not deny the RTA Defendants the benefit of political subdivision immunity. Therefore, we have no jurisdiction to review this issue.

{¶ 32} We turn to Moree's claim for negligent entrustment. In the July 5, 2024 journal entry, the trial court found that Moree dismissed this claim against RTA. The court further found that RTA's "assertion that no genuine issue of material fact exists as to [Moree's] negligent entrustment against [RTA] is moot." We take this statement — the "assertion . . . is moot" — to mean that, similar to the court's treatment of Alexander's summary judgment motion, the court declared RTA's summary judgment motion moot as to the negligent entrustment claim. Using the same reasoning as above, we find that this ruling does not deny RTA the benefit of political subdivision immunity. Therefore, this portion of the July 5, 2024 journal entry is not a final appealable order and we are without jurisdiction to review this ruling.

{¶ 33} Finally, we turn to the portion of Moree's negligence claim against RTA that alleges negligent training and/or supervision. On appeal, RTA argues that the court erred by denying its summary judgment motion as to the negligent training claim based on mootness. A careful review of the trial court's July 5, 2024 journal entry reveals that it denied RTA's summary judgment motion as to the entirety of Moree's negligence claim. The court did not declare anything moot

concerning this claim and the court did not parse out Moree's negligent training claim from his general negligence claim.

{¶ 34} Because it denies RTA the benefit of political subdivision immunity, we determine that the trial court's denial of RTA's summary judgment motion as related to Moree's negligence cause of action is a final appealable order. We review the trial court's denial of RTA's motion for summary judgment regarding Moree's negligence claim, which includes an allegation of negligent training and/or supervision, in RTA's first assignment of error to follow.

{¶ 35} On the other hand, the trial court's summary judgment rulings regarding Moree's claim against Alexander and his negligent entrustment claim against RTA are not final appealable orders. Accordingly, the RTA Defendants' second assignment of error is overruled.

**B. Political Subdivision Immunity and Summary Judgment**

{¶ 36} In the RTA Defendants' first assignment of error, they argue that the trial court erred by denying RTA's motion for summary judgment as to Moree's negligence claim because RTA is immune from liability under R.C. Ch. 2744.

**a. Summary Judgment Standard**

{¶ 37} This court reviews a trial court's ruling on a motion for summary judgment de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, (1996). We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

{¶ 38} Under Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party, entitling the moving party to judgment as a matter of law.

{¶ 39} On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party must then point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. If the nonmoving party fails to meet this burden, summary judgment is appropriate. *Id.*

### b. Political Subdivision Immunity

{¶ 40} "R.C. Chapter 2744, the Political Subdivision Tort Liability Act, sets forth a comprehensive statutory scheme for the tort liability of political subdivisions and their employees." *McConnell v. Dudley*, 2019-Ohio-4740, ¶ 20. When reviewing political subdivision immunity, courts apply a three-tiered analysis. *Id.*

> The first tier of the sovereign-immunity analysis involves the general grant of immunity to political subdivisions by R.C. 2744.02(A)(1), which provides that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a

governmental or proprietary function." That immunity, however, is not absolute. *See* R.C. 2744.02(B); *Riffle v. Physicians & Surgeons Ambulance Serv., Inc.,* 135 Ohio St.3d 357, 2013-Ohio-989, 986 N.E.2d 983, ¶ 15.

The second tier of the sovereign-immunity analysis involves determining whether any of the five exceptions to immunity that are listed in R.C. 2744.02(B) apply to expose the political subdivision to liability. *Pelletier* [*v. Campbell*, 2018-Ohio-2121,] ¶ 15. As part of this second tier, the court may also have to consider whether any of the specific defenses to liability for negligent operation of a motor vehicle listed in R.C. 2744.02(B)(1)(a) through (c) apply. *Id.*; *Riffle* at ¶ 15.

If any one of the five exceptions to immunity in R.C. 2744.02(B) applies and if any defenses that may be asserted by the political subdivision under R.C. 2744.02(B)(1) do not apply, then the third tier of the sovereign-immunity analysis requires a court to determine whether any of the defenses in R.C. 2744.03 apply to reinstate the political subdivision's immunity. *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 15.

### a. Analysis

### i. Negligent Operation of a Motor Vehicle

{¶ 41} Under the first tier of the sovereign immunity analysis, it is undisputed that RTA is a political subdivision that is generally immune from liability when performing governmental or proprietary functions. *See generally Johnson v.* [*RTA*], 2021-Ohio-938 (8th Dist.). The crux of this case concerns the second tier of the sovereign immunity test and specifically R.C. 2744.02(B)(1), which states that "political subdivisions are liable for injury . . . to [a] person . . . caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority." In this case, it is also undisputed that Alexander was an RTA employee operating an RTA vehicle within the scope of her employment at the time of crash. The Ohio

Supreme Court has held that "to establish an actionable claim of negligence, a plaintiff must show the existence of a duty, a breach of that duty, and an injury that was proximately caused by the breach." *Rieger v. Giant Eagle, Inc.*, 2019-Ohio-3745, ¶ 10.

{¶ 42} On appeal, RTA argues that Moree "failed to establish the element of proximate cause" as part of the "negligent operation of any motor vehicle" prong of R.C. 2744.02(B)(1). To support this argument, RTA cites to a 74-year-old case that established a plaintiff's burden of proof on a negligence claim when the case proceeds to a jury trial. "In order for plaintiff to recover in the instant case, it was incumbent upon her to show by a preponderance of the evidence not only that defendant failed to exercise ordinary care to render its theater reasonably safe, but that her injuries occurred as a proximate result of such failure." *Gedra v. Dallmer Co.*, 153 Ohio St. 258, 262 (1950).

{¶ 43} RTA further argues that Moree was driving negligently or unlawfully at the time of the crash and he "was the cause of the crash and therefore his own injuries." Additionally, RTA argues that Moree failed to rebut its evidence that Moree was driving negligently or unlawfully. Although somewhat unclear from RTA's appellate brief it appears that RTA is arguing that, because Moree was driving negligently, the issue of whether Alexander was also driving negligently is irrelevant.

{¶ 44} Moree, on the other hand, argues that the negligent operation of a motor vehicle "is explicitly excluded from political subdivision immunity . . . by

R.C. 2744.02(B)(1) . . . ." Specifically, Moree argues that "the separate factual determination of whether [Alexander] was ultimately at fault for the accident . . . is not part of the immunity determination and not an issue ripe for appeal." In other words, Moree argues that "[a]s explicitly stated in R.C. 2744.02(B)(1) there is not immunity when regular political subdivision employees negligently cause automobile accidents, which should be the end of the matter." Ultimately, Moree requests that this court dismiss the RTA Defendants' appeal because, in his view, political subdivision immunity does not apply.

{¶ 45} In *Mencini v. [RTA],* 2023-Ohio-2299 (8th Dist.), this court analyzed the trial court's denial of summary judgment against RTA based on political subdivision immunity under R.C. 2744.02(B)(2), which states that a political subdivision is liable for "the negligent performance of acts by their employees with respect to proprietary functions . . . ." While we understand that subsections (B)(1) — under which this case falls — and (B)(2) are separate and distinct, they share the issue of negligence. Therefore, we find *Mencini* instructive.

{¶ 46} In *Mencini*, this court held that the "question of whether RTA is immune turns on whether [the RTA driver] operated the bus in a negligent manner." *Id.* at ¶ 17. Similarly, we find that the question of whether RTA is immune in this case turns on whether Alexander operated the RTA vehicle she was driving in a negligent manner. *Mencini* further held that "[i]f there is an issue of material fact regarding whether [the driver] acted negligently, then RTA's motion for summary judgment grounded on immunity should be denied." *Id.* at ¶ 17. *See also*

*Brown v. Lincoln Hts.*, 2011-Ohio-3551, ¶ 28 (1st Dist.) (holding that "because genuine issues of material fact exist concerning whether an exception to the general rule of immunity applies under R.C. 2744.02 . . . we affirm the trial court's denial of summary judgment on the basis of governmental immunity").

{¶ 47} This court has also held that even if the plaintiff was driving his or her vehicle in an unlawful manner, there could still be an issue of fact for determination by a jury as to whether the defendant driver was negligent and used "ordinary care." *Johnson v. [RTA],* 2021-Ohio-938, ¶ 95 (8th Dist.). The parties' arguments on appeal in *Johnson* were similar to the arguments in this case.

> [RTA] contend[s] that the trial court erred in denying [RTA's] motion for summary judgment because there is no genuine issue of material fact that [the RTA driver] was not negligent in operating the bus and [RTA] was, therefore, immune from liability under R.C. 2744.02(A). [RTA] assert[s] that because [a nonparty] was speeding, illegally passed the stopped vehicle on the right and was operating the motorcycle at night without a valid motorcycle endorsement to his driver's license, the motorcycle was not proceeding "lawfully" as it approached the intersection and the bus, therefore, had no duty to yield to the right of way of the motorcycle when making its left turn.
>
> [The plaintiff] responds that the trial court properly denied [RTA's] motion for summary judgment because evidence shows that [the RTA driver] was negligent in operating the bus and that [the RTA driver's] negligence was a proximate cause of [the] accident. [The plaintiff] contends that [the RTA driver] was required to yield to the right of way of [the] motorcycle when turning left, that [the RTA] driver violated [traffic laws] by turning left into the motorcycle's lane of travel and that, as a result of [the RTA driver's] actions and to avoid colliding with the bus, [the motorcycle driver] was forced to accelerate and swerve right, causing him to strike the curb and lose control of the motorcycle. . . .

*Id.* at ¶ 66-67.

{¶ 48} In addressing these arguments, the *Johnson* Court held: "Following a thorough investigation review of the record, we find that genuine issues of fact exist as to whether [the RTA driver] was negligent in his operation of the bus. Accordingly, the trial court did not err in denying [RTA's] motion for summary judgment." *Id*. at ¶ 68.

{¶ 49} In claiming that a political subdivision is not immune under R.C. 2744.02(B)(1) during summary judgment, a plaintiff must point to specific facts in the record showing a genuine issue of material fact regarding the elements required to establish negligence. *Mencini* at ¶ 23. These elements include "duty, breach, proximate cause, and damages." *Id*.

{¶ 50} In this case, RTA's accident reconstructionist concluded in his expert report that "[b]ased upon his unsafe speed and while traveling through a red traffic signal, . . . Moree's actions were the sole contributing factor to the cause of this crash." Specifically, RTA's expert used "conservation of linear momentum" to calculate the speed of Moree's car "at impact with" Alexander's RTA truck. RTA's expert also stated, "[I]n my opinion I consider [Moree's] driving actions to be reckless." This expert concluded that Alexander was driving below the posted speed limit when she was turning left onto Van Aken and the intersection's traffic signal was either green or yellow at the time the vehicles collided. In other words, RTA's expert opined that Alexander had a green or yellow traffic light at the same time that Moree had a red traffic light.

{¶ 51} Moree offered the following summary judgment evidence to show that there is a genuine issue of material fact regarding whether Alexander was driving negligently at the time her RTA vehicle and Moree's vehicle collided. RTA officers who arrived at the scene immediately after the crash, as well as Moree's accident reconstructionist, concluded that "the sequencing of the lights for northbound and southbound lanes on the date of the incident were synced to be green at the same time." An RTA officer concluded that Moree had the right of way at the intersection at the time of the crash because he was going straight and not making any turns. Another RTA officer concluded that Moree had a green light when he was driving straight through the intersection and Alexander should have yielded the right of way to Moree before she turned left. This officer also concluded that there was a "dual violation of law" because Moree was driving faster than the posted speed limit. Moree's accident reconstructionist concluded that "it can be determined within a reasonable degree of professional and scientific certainty that . . . Alexander caused the crash when she drove across the yellow painted pavement markings . . . and turned left in front of the approaching Toyota Camry when it was traveling straight through the same intersection she was attempting to turn left in and was so close as to constitute an immediate hazard." In other words, Moree presented summary judgment evidence that Moree and Alexander were driving through green, or possibly yellow, lights when the collision occurred.

{¶ 52} A July 29, 2021 letter from RTA to Alexander concludes that Alexander violated RTA Policy Rule IV, which states that "Safety Is Everyone's Job."

The accident at issue "was deemed a chargeable accident" and Alexander received formal discipline from RTA. Alexander received and signed this letter on July 30, 2021.

{¶ 53} Our de novo review of this summary judgment evidence shows that there is a genuine issue of material fact regarding whether and to what degree Alexander was negligent when her RTA vehicle and Moree's vehicle collided. Furthermore, there is a genuine issue of material fact regarding whether the traffic lights through which Moree and Alexander traveled were "synced" so that they were the same color at the same time. As stated previously, an issue of fact regarding "the negligent operation of [a] motor vehicle" under R.C. 2744.02(B)(1) is enough to overcome summary judgment and become a determination to be made by the factfinder. *See Johnson*; *Mencini*.

{¶ 54} Accordingly, the trial court did not err by denying RTA's motion for summary judgment regarding Moree's claim for negligent operation of a motor vehicle.

### ii. Negligent Training

{¶ 55} We acknowledge that there is a dispute among the parties as to whether this claim was properly dismissed when the trial court ruled on RTA's summary judgment motion. However, as explained previously, this nonimmunity issue is not ripe for appeal. We can only respond to the actual controversy that is before us, i.e., whether the court erred by denying immunity to RTA on Moree's negligence claim, which includes an allegation of negligent training.

{¶ 56} The Ohio Supreme Court has held the following regarding negligent training claims and political subdivision immunity:

> Because the language of R.C. 2744.02(B)(1) is plain and unambiguous, it must be applied, not interpreted . . . . R.C. 2744.02(B)(1) allows political subdivisions to be held liable for an employee's negligent *operation* of a motor vehicle; it does not, however, allow a political subdivision to be held liable for consequences arising from an employee's training or the supervision of that employee in operating the motor vehicle.

(Emphasis in original.) *McConnell v. Dudley*, 2019-Ohio-4740, ¶ 2. *But see Young v. Cuyahoga County Bd. of Mental Retardation*, 2012-Ohio-3082, ¶ 26 (8th Dist.) (stating that "the Ohio Supreme Court has held that a negligent retention and supervision claim is actionable if there has been negligence under one of the R.C. 2744.02(B) exceptions to immunity"). In following *McConnell*, which was decided after *Young*, we find that a political subdivision cannot "be held liable for consequences arising from an employee's training or the supervision of that employee in operating [a] motor vehicle" under R.C. 2744.02(B)(1).

{¶ 57} Accordingly, the trial court erred by denying RTA summary judgment on Moree's claim for negligent training and/or supervision. As stated previously, the trial court properly denied RTA summary judgment on Moree's claim for negligent operation of a motor vehicle. The RTA Defendants' first assignment of error is sustained in part and overruled in part.

{¶ 58} Judgment affirmed in part as to the trial court's denial of RTA's motion for summary judgment regarding Moree's claim for negligent operation of a motor vehicle. Judgment reversed in part as to the trial court's denial of RTA's

motion for summary judgment regarding Moree's claim for negligent training and/or supervision. All other issues do not involve political subdivision immunity and are not based on final appealable orders, therefore, we decline to review them.

{¶ 59} Judgment affirmed, in part, and reversed, in part. Case remanded to the trial court to grant summary judgment in favor of RTA on the portion of Moree's negligence claim alleging negligent training and/or supervision and for further proceedings on the parties' pending claims including a proper determination of which claims remain.

It is ordered that the appellant bear the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

WILLIAM A. KLATT, J.,* CONCURS;
SEAN C. GALLAGHER, J., CONCURS (WITH SEPARATE OPINION)

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)

SEAN C. GALLAGHER, J., CONCURRING:

{¶ 60} I fully concur with the majority but write separately based on my own sense of where this case stands. Greater Cleveland Regional Transit Authority ("GCRTA") has gained no ground, achieving a legal position it could have had without appellate intervention — having the case winnowed to the sole issue of whether its driver was negligent in turning left in front of a speeding vehicle operated by Moree, whose comparative negligence, like it or not, is an issue generally reserved for the trier of fact in denial-of-immunity cases. *Johnson v. Greater Cleveland Regional Transit Auth.*, 2021-Ohio-938, ¶ 80 (8th Dist.) ("[A]lthough a driver can forfeit the right of way if he or she unlawfully operates his or her vehicle at a speed in excess of the posted limit, . . . "'evidence of speed in excess of a posted speed limit alone is not conclusive that a vehicle is proceeding unlawfully and has forfeited its right of way'"" for the purposes of the immunity question.), quoting *State v. Cline*, 2015-Ohio-4036, ¶ 19 (10th Dist.), and *In re Neill*, 2005-Ohio-1696, ¶ 13 (3d Dist.); s*ee also Figueroa v. Greater Cleveland Regional Transit Auth.*, 2021-Ohio-2268, ¶ 18, 22 (8th Dist.) (Although GCRTA had some evidence in favor of comparative negligence of the plaintiff, that issue is one of fact solely left to the province of the jury.); *Hardesty v. Alcantara*, 2015-Ohio-4591, ¶ 47 (8th Dist.) (The panel declined to address issues of proximate causation in an immunity appeal, concluding that the only issue is whether an exception to immunity exists.); *see also Sickles v. Jackson Cty. Hwy. Dept.*, 2011-Ohio-6102, ¶ 30 (4th Dist.) (Appellate courts do not consider issue of comparative negligence

when reviewing denial of motion for summary judgment on grounds of immunity because "while contributory fault impacts the ultimate success of a plaintiff's negligence claims, it does not impact a political subdivision's immunity from liability.").

{¶ 61} After the trial court denied GCRTA's motion for summary judgment on the immunity question under R.C. 2744.02(B)(1), and instead of seeking a compromise with Moree on the triable issues that cannot be avoided, GCRTA filed an appeal three days before the scheduled trial and sought a stay of the trial court proceedings to prosecute that appeal. After a temporary remand, at which time the trial was reset for a date in August 2024, Moree agreed to abandon all but the negligence claim against GCRTA under R.C. 2744.02(B)(1), a concession that GCRTA perplexingly challenged and then argued against in this appeal.

{¶ 62} Further, GCRTA solely relies on cases involving the *granting* of summary judgment or *denial* of motions for directed verdict in negligence cases.[4] It makes no attempt to discuss, distinguish, or apply any of the above-mentioned cases in which appellate panels have overruled a political subdivision's attempt to

---

[4] None of the cases GCRTA cited in support of its argument are relevant to the procedural posture of this appeal involving the interlocutory decision denying GCRTA's claim of immunity. *See Gedra v. Dallmer Co.*, 153 Ohio St. 258 (1950), paragraph two of the syllabus (denial of directed verdict); *Ogolo v. Greater Cleveland Regional Transit Auth.*, 2013-Ohio-4921, ¶ 8-16 (8th Dist.) (granting of summary judgment); *Jacobs v. Shearer's Foods, LLC*, 2018-Ohio-3863 (5th Dist.) (granting of summary judgment); *Lewicky v. Accurate Bldg. Sys.*, 1998 Ohio App. LEXIS 5776 (8th Dist.) (appeal from a jury verdict); *Beers v. Wills*, 172 Ohio St. 569, 570 (1962) (appeal from jury verdict); *Schwarzbek v. Wauseon*, 113 Ohio App.3d 631, 632 (6th Dist. 1996) (appeal from jury verdict).

summarily avoid trial by arguing proximate causation or comparative negligence under the guise of resolving the immunity question. That silence is telling.

{¶ 63} As it stands, this case appears to be a waste of time and resources. The parties are right where they could have been before this appeal was filed. The claims GCRTA wanted dismissed in this appeal (negligent training and entrustment) are or will be dismissed upon remand, and the sole triable issue is whether its driver was negligent in turning in front of oncoming traffic, and if so, whether Moree's comparative negligence impacted GCRTA's liability — an issue that could have already been, and must be, resolved by the trier of fact since an interlocutory appeal on the question of negligence is not within this court's jurisdiction to resolve. *Johnson* at ¶ 51. Notwithstanding, it has not gone unnoticed that through the impending retirement of the current sitting judge assigned to this case, whose term expires before this case is likely returned to the trial court's active docket, GCRTA essentially obtained the relief it was earlier denied through the affidavit of disqualification.

{¶ 64} Regardless, I fully concur.